**BUD BROOKS TRUCKING, INC., an Oklahoma corporation; Kenny Stevens, doing business as Stevens Trucking, Slim's Forklift and Trucking Company; Gold Transit Systems, Inc., an Oklahoma corporation; Sooner Trucking Service, Inc., an Oklahoma corporation; Jim Rains, doing business as Rains Trucking Service; Johnny Lawrence, doing business as Johnny Lawrence Company; Plaintiffs–Appellants,**

v.

**BILL HODGES TRUCKING COMPANY, INC., an Oklahoma corporation; Turner Brothers Trucking Company, an Oklahoma corporation; Bill Jackson Rig Company, an Oklahoma corporation; Jim Marrs Trucking Co., Inc., a successor to Jim Marrs & Son Trucking Company, Inc.; Garrett Brothers, Inc., an Oklahoma corporation; Jernigan Brothers, Inc., an Oklahoma corporation; Louis Bodnar, an individual, Defendants–Appellees.**

No. 87–1687.

United States Court of Appeals, Tenth Circuit.

July 26, 1990.

James A. Ikard of Angel, Ikard, and Nash, Oklahoma City, Okl., for plaintiffs-appellants.

Wilburn L. Williamson of Dykeman, Williamson, and Williamson, Oklahoma City, Okl., for defendants-appellees, Bill Hodges Trucking Co., Inc. and Garrett Bros., Inc.

Burck Bailey and Eric S. Eissenstat of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendant-appellee, Turner Bros. Trucking Co.

Before ANDERSON and TACHA, Circuit Judges, and ROGERS,[*] District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

This appeal is taken from a district court order denying plaintiffs' motion to vacate the court's earlier dismissal of their action. Fed.R.Civ.P. 60(b). Initially, plaintiffs filed an untimely notice of appeal from the district court's order and the appeal was dismissed for lack of jurisdiction. After their unsuccessful attempt to appeal, plaintiffs filed their Rule 60(b) motion in the district court. Limiting our review to the district court's denial of 60(b) relief, and applying the appropriate standard to that denial, we conclude that the district court acted within its discretion and affirm the court's order.[1]

## BACKGROUND

In August of 1985, plaintiffs filed their original complaint seeking relief under the Sherman and Clayton Acts, claiming antitrust violations by defendants (six competing companies and their attorney). A year later, after amended pleadings had been filed and initial motions ruled upon, the district court held a scheduling conference with the parties. The court set a series of deadlines, which were subsequently extended by joint request of the parties.

According to the parameters eventually fixed by the district court, plaintiffs' final "contentions" were due January 1, 1987, with defendants' due seven days later. Witness and exhibit lists of both sides were due January 25, and discovery was to be completed by February 15. Several other deadlines were set, including initiation by plaintiffs' counsel of settlement by February 1. Trial was to commence March 2.

---

[*] The Honorable Richard D. Rogers, District Judge, United States District Court for the District of Kansas, sitting by designation.

[1]. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiffs' contentions (incorporating by reference certain allegations in the original and amended complaints) were filed January 23, three weeks late. Neither side submitted witness or exhibit lists by January 25. On January 30, the court, by letter, directed the presence of counsel and a person with settlement authority for *each* party to attend a settlement conference scheduled for February 11, 1987.

Defendants all attended the conference, but only one of the six plaintiffs appeared. This prompted the district court to enter an order mandating the appearance of all plaintiffs and counsel on February 27 and directing them to show cause why sanctions should not be imposed for failure to attend the February 11 conference. The court further indicated its intent to consider several pending motions to dismiss the action for failure to comply with scheduling and discovery deadlines. Following the February 27 hearing, the district court dismissed the action with prejudice for failure of plaintiffs to comply with discovery and scheduling deadlines and failure to appear at the settlement conference.

The plaintiffs' notice of appeal from the order dismissing the action was untimely filed, resulting in the dismissal of the appeal for lack of jurisdiction. In their subsequent motion for relief under Rule 60(b), plaintiffs requested the court to consider whether sanctions other than dismissal would have been more appropriate under the circumstances. The district court summarily denied the motion and this appeal ensued.

## DISCUSSION

 Dismissal with prejudice is a drastic sanction. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988); *In re Russell,* 746 F.2d 1419 (10th Cir. 1984); *Hollis v. United States,* 744 F.2d

1430, 1432 (10th Cir.1984). While such a sanction may be employed in the proper situation, we have held that the district court should consider sanctioning the responsible party. *In re Baker,* 744 F.2d 1438, 1442 (10th Cir.1984) (en banc) (impact of sanction should be lodged with counsel or client, whoever is at fault), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985); *see Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988) (dismissal usually appropriate only when lesser sanction would not serve best interests of justice).[2] The sanction of dismissal has been upheld in some instances as an appropriate alternative available to the district court where a party willfully fails to comply with discovery rules. *Adams v. J.W. Jones Constr. Co.,* 703 F.2d 483, 484 n. 3 (10th Cir.1983); *United States v. $239,500 in United States Currency,* 764 F.2d 771, 773 (11th Cir.1985). In any event, the district court should set forth in the record the justification for the sanction imposed. *In re Baker,* 744 F.2d at 1442; *Hollis v. United States,* 744 F.2d at 1432; *In re Russell,* 746 F.2d at 1420; *Sterling Energy, Ltd. v. Friendly Nat'l Bank,* 744 F.2d 1433, 1437 (10th Cir.1984).

Were this a direct appeal from the dismissal of the action, plaintiffs might have a stronger position from which to argue that dismissal was too harsh a sanction under the circumstances. *But see In re Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir.1987); *Founding Church of Scientology, Inc. v. Webster,* 802 F.2d 1448, 1457–59 (D.C.Cir.1986), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987); *Gates v. United States,* 752 F.2d 516, 517 (10th Cir.1985). However, the posture of this appeal requires review of a different discretionary decision by the district court, *i.e.,* the denial of the motion under Rule 60(b).[3]

---

**2.** However, litigants, having chosen their attorney, cannot avoid the consequences of the acts of their freely selected agent. *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962); *see also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (most severe sanction must be available to district court not only to penalize

conduct warranting sanction, but to deter others).

**3.** We emphasize that the Rule 60(b) motion in this case was not filed in the district court until *after* the time for direct appeal had expired. This court has previously addressed situations where an immediate 60(b) motion was filed, and a timely appeal of both the underlying

 The hurdle plaintiffs must overcome is higher because a Rule 60(b) motion is not a substitute for an appeal. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) ("Thus 'our review of denial of Rule 60(b) relief [is] meaningfully narrower than would [be] our review on direct appeal....'") (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir.1985)); *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir.1985); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694 (5th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *cf. Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983); *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir.1979). Thus, this appeal does not bring up for review the underlying judgment of dismissal as a sanction for failure to comply with discovery orders. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir.1988); *Morris v. Adams–Millis Corp.*, 758 F.2d at 1357; *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979).

 Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950); *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Plaintiffs do not recite any exceptional circumstances warranting such relief, nor does our reading of the record disclose any. There are no claims, for instance, that plaintiffs were unable to comply with discovery deadlines or to attend the settlement conference because of compelling circumstances beyond their control. Parties and their attorneys must be held to a reasonably high standard of diligence in observing the courts' rules of procedure. *Cessna Finance Corp. v. Bielenberg*, 715 F.2d at 1444 (no abuse of discretion in

order and the denial of 60(b) relief was pursued. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394 (10th Cir.1988); *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988); *D.G. Shelter Prod. v. Forest Prod. Co.*, 769 F.2d 644

denying Rule 60(b)(1) motion for relief from default judgment). *Cf. Morris v. Adams–Millis Corp.*, 758 F.2d at 1359 (Rule 60(b)(1) will not lie to correct error of law, where the appellant fails to demonstrate unusual circumstances warranting relief under Rule 60(b)(6)).

## CONCLUSION

We conclude that the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion. Accordingly, the district court's order is AFFIRMED.

(10th Cir.1985). Those cases are inapplicable in circumstances such as this, where plaintiffs' 60(b) motion is merely a belated attempt to cure an untimely notice of appeal or failure to appeal.