UNITED STATES COURT OF APPEALS
**Filed 1/9/97**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MERCEDES STATION WAGON VIN #WDBEA90DXJF071052, 1988 300TE and DIAMOND AND SAPPHIRE RING, One Ladies Ring,

      Defendants,

_____

GARY B. HOBBS, and MARY KAY HOBBS,

      Claimants-Appellants,

  and

JAMES CLINTON GARLAND,

      Claimant.

No. 95-5154
&
95-5281
(D.C. No. 90-C-904-C)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimants Gary and Mary Kay Hobbs appeal the district court's denial of their respective motions for return of property, which the district court construed as Rule 60(b) motions to set aside the default judgments, in this civil forfeiture action. We exercise jurisdiction pursuant to 28 U.S.C. § 1331, and affirm.[1]

This forfeiture action arises out of Gary Hobbs' criminal activities while he was the president of a bank in Oklahoma. In June 1991, Gary pled guilty to eighteen counts of defrauding a federally insured financial institution, embezzlement, and money laundering. At his plea hearing, he admitted that he

---

[**] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

[1] We initially questioned our jurisdiction to hear appeal No. 95-5154, which Gary Hobbs filed in July 1995, before the district court had finally disposed of all the claims in this action. The district court has since entered a final, appealable order, thereby giving us jurisdiction over Gary Hobbs' premature appeal. See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1154 n.1 (10th Cir. 1991).

had used the proceeds of his criminal activities to purchase a variety of property, including a ring and a Mercedes Benz automobile. This ring and the proceeds from the Mercedes, which was sold around the time this action was commenced, are the subjects of the present civil forfeiture action.

The government instituted this action against the ring and the car in October 1990. At that time, plea negotiations between the government and Gary Hobbs, who was represented by James C. Garland, Esq., were ongoing. In early November 1990, the government amended the forfeiture complaint to substitute the Mercedes proceeds, which amounted to $29,000, for the car itself. On November 21, 1990, the government served Garland, on behalf of Gary and Mary Kay Hobbs, with copies of the warrant of arrest and notice in rem concerning the ring and car, as well as copies of the amended complaint, warrant of arrest, and notice in rem concerning the ring and currency. Neither Gary nor Mary Kay filed a claim or otherwise appeared in the forfeiture action. Garland, who had been paid the Mercedes proceeds as attorney fees, filed a claim on his own behalf against $25,000 of the proceeds.

On April 8, 1991, the court entered a judgment of forfeiture against the ring, no claims having been filed against it at that time. The ring was later sold at public auction and the proceeds paid to the Resolution Trust Corporation. On July 24, 1991, the court entered a judgment of forfeiture as to $10,000 of the

Mercedes proceeds. Pursuant to a stipulation between it and Garland, the government disclaimed an interest in the remaining $19,000.

Two years later, in March 1993, Gary filed a motion for return of property, in which he alleged that the ring and the Mercedes rightfully belonged to his ex-wife, Mary Kay, who, he said, never received notice of the forfeiture action. He asked that the ring and the portion of the Mercedes proceeds that were forfeited be returned to Mary Kay and that she be paid damages for various alleged constitutional violations. In late July 1993, Mary Kay filed her own motion for return of property, containing similar allegations.

In an order entered April 11, 1995, the district court denied Gary's claims to both the ring and the Mercedes proceeds on the ground that he asserted only Mary Kay's interest in those properties and, therefore, he had no standing to challenge their forfeiture. The court also concluded that Mary Kay had no standing to dispute the forfeiture of the Mercedes proceeds, because she had abandoned any interest in them by voluntarily paying them to Garland. The court determined that Mary Kay did have standing to challenge the forfeiture of the ring, and scheduled an evidentiary hearing to address, among other things, the issue of notice to Mary Kay. After the hearing, the court concluded that the government provided adequate notice to Mary Kay about the forfeiture proceedings. The court, therefore, denied Mary Kay's motion to set aside the

forfeiture of the ring on the ground that her "two year delay in pursuing relief under Rule 60(b) exceeds the reasonable time allowed for seeking such relief." R. Vol. II, Doc. 74 at 6.

We review the district court's denial of the Hobbs' Rule 60(b) motions for an abuse of discretion. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). "[I]n determining whether a district court abused its discretion, we are mindful that '[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'" Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)(quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)). "[O]nly if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong do we reverse." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990).

All Rule 60(b) motions for relief must be brought "within a reasonable time," and, if the reason for the motion is one listed in 60(b)(1), (2), or (3), the motion must be filed within "one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Further, if the motion is based on mistake, inadvertence, surprise or excusable neglect, see id. 60(b)(1), then the party must also show that he or she has a meritorious defense. Cashner, 98 F.3d at 578 n.2. Based upon our review of the record, the parties briefs, and the

pertinent case law, we agree that the Rule 60(b) motions at issue here are untimely.

Pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which govern civil forfeiture actions, once process has been executed pursuant to Rule C(3), a person claiming an interest in the property to be forfeited has ten days to file a claim and twenty days to file an answer in the forfeiture action. Although Supplemental Rule C(4) requires the government only to give notice of the forfeiture action by publication,

> [w]hen the government can reasonably ascertain the name and address of an interested party, . . . notice by publication is not sufficient; due process requires that the government send [n]otice by mail or other means as certain to ensure actual notice. Due process does not require, however, that the interested party actually receive notice. So long as the government acted reasonably in selecting means likely to inform [the] persons affected, . . . then it has discharged its burden.

United States v. 51 Pieces of Real Property, 17 F.3d 1306, 1316 (10th Cir. 1994)(quotations and citations omitted).

"Whether the government employed means reasonably calculated to provide a party with notice is a question of fact we review for clear error." Id. The district court did not address the issue of notice as to Gary, but the record facts concerning such notice are undisputed.

The record reflects that the Hobbs moved from their residence when the government seized it in August 1990. Thereafter, the government instituted the

-6-

present action and served notice of it on Gary's criminal defense attorney, James Garland, who, at Gary's request, had agreed to accept service of the documents on Gary's behalf. Garland testified that he then gave the documents served on him to Gary.[2] We, and other courts, have held in similar circumstances that notice served on the claimant's criminal defense attorney is reasonably calculated to inform the claimant of the forfeiture proceedings and the need to file a claim and, therefore, complies with due process. See id. at 1317 (collecting cases).

As to Mary Kay, the district court found that "the government more than adequately discharged its burden of providing notice to Mary Kay Hobbs in the present case." R. Vol. II, Doc. 74 at 2. The court also "f[ou]nd[] incredible Mary Kay Hobbs' claim that she did not have actual notice of the forfeiture action against the ring." Id. at 5. Our review of the record reveals adequate support for both findings.

The record, then, establishes that both Gary and Mary Kay had notice of the forfeiture proceedings at least two years before they filed their present motions contesting the proceedings. Under these circumstances, the district court did not

---

[2] Gary's conclusory statement that he "disputes all of the erroneous claims made by Garland," R. Vol. II, Doc. 48 at 4, is not sufficient to create an issue of fact concerning notice. See Setliff v. Memorial Hosp., 850 F.2d 1384, 1391 (10th Cir. 1988)("[C]onclusory allegations . . . are not sufficient to establish an issue of fact . . . .").

abuse its discretion in denying Mary Kay's motion as untimely. Because the same rationale also applies to Gary's motion, dismissal of it was proper as well.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Plaintiff-Appellee's motion to file an appendix is granted, and Claimants-Appellants' motion to supplement the record on appeal is denied as moot.

The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge