**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CARY GAGAN,                                )
                                           )
        Plaintiff-Appellant,               )
                                           )
v.                                         )        No. 97-1337
                                           )        (D.C. No. 97-S-308)
HENRY SOLANO, in his individual and )        (D. Colo.)
official capacity as United States         )
Attorney for the District of Colorado;     )
JAMES ALLISON, in his individual           )
and official capacity as Assistant United  )
States Attorney for the District of        )
Colorado; UNITED STATES                    )
ATTORNEY FOR THE DISTRICT OF               )
COLORADO; JOSEPH JOHNSON, in               )
his individual and official capacity as    )
Special Agent in Charge of the Federal     )
Bureau of Investigation for the District   )
of Colorado; MARK HOLTSLAW, in             )
his individual capacity as a Special       )
Agent for the Federal Bureau of            )
Investigation for the District of          )
Colorado; TINA ROWE, in her                )
individual and official capacity as the    )
United States Marshal for the District     )
of Colorado; DAVID FLOYD, in his           )
individual capacity as a Deputy United     )
States Marshal for the District of         )
Colorado; LARRY HOMINICK, in his           )
individual capacity as Deputy United       )
States Marshal for the District            )
of Colorado; JAKE WARNER, in his           )
individual capacity as a Deputy United     )
States Marshal for the District of         )
Colorado; JAMES TAFOYA, in his             )
individual capacity as a Deputy United     )
States Marshal for the District of         )
Colorado; DRUG ENFORCEMENT                 )

ADMINISTRATION; GREG WILLIAMS, in his individual and official capacity as Special Agent in Charge of the United States Drug Enforcement Administration for the District of Colorado; ROBERT GREGORY, in his individual capacity as a Special Agent for the United States Drug Enforcement Adminstration for the District of Colorado; BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, the the District of Colorado; BILL EASTMAN, in his individual and official capacity as Special Agent in Charge of the Bureau of Alcohol, Tobacco and Firearms for the District of Colorado; MATT TRAVER, in his individual capacity as a Special Agent for the Bureau of Alcohol, Tobacco and Firearms for the District of Colorado; THE MCGRAW-HILL COMPANIES, INC., a corporation licensed to do business in the State of Colorado and owner of KMGH Channel 7; DAVE MINSHALL, KMGH Channel 7 Investigative Reporter; JOHN PROFFITT, KMGH Channel 7 General Manager; TREETOP COMMUNICATIONS, an Indiana corporation conducting business in the State of Colorado; LAWRENCE MEYERS, Investigative Reporter for Media Bypass Magazine; JIM THOMAS, Chief Executive Officer for Treetop Communications and Media Bypass Magazine; JIM KEITH, author of the book OKBOMB, a 1996 book distributed in the State of Colorado; ILLUMINET PRESS, a corporation licensed to do business in the State of

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

Georgia and publisher of the book )
OKBOMB, conducting business in the )
State of Colorado; RON BONDS, )
Owner of Illuminet Press; NANCY )
KRATZER, Director of Marketing and )
Promotion for Illuminet Press; and )
unidentified agents and marshals of the )
FBI, U.S. Marshals Service, DEA, )
BATF for the District of Colorado, )
                                        )
      Defendants-Appellees. )

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, EBEL, and MURPHY, Circuit Judges.[**]

---

Plaintiff Cary Gagan, appearing pro se, appeals the district court's denial of his

Motion to Vacate Order of Dismissal filed pursuant to Fed. R. Civ. P. 60(b)(6). Gagan

instituted this civil rights action against numerous Defendants alleging that they violated

his constitutional rights while he served as a government informant. The district court

dismissed Gagan's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Thereafter, Gagan filed his motion to vacate asking the district judge to reinstate Gagan's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

3

lawsuit and recuse himself (as well as all other judges from the District of Colorado) from hearing the case. Our jurisdiction to review the denial of Gagan's Rule 60(b)(6) motion arises under 28 U.S. C. § 1291. We review the denial of such motion only for an abuse of discretion. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). In determining whether the district court abused its discretion, we are mindful that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

We have reviewed the briefs, pleadings, motions, and entire record before us. We agree with the district court that this action is frivolous and find no abuse of discretion in the denial of Gagan's Rule 60(b)(6) motion.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4