132 F.3d 42
 97 CJ C.A.R. 3278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cary GAGAN, Plaintiff-Appellant,
v.
HENRY SOLANO, in his individual and official capacity as
United States Attorney for the District of Colorado; JAMES
ALLISON, in his individual and official capacity as
Assistant United States Attorney for the District of
Colorado; UNITED STATES ATTORNEY FOR THE DISTRICT OF
COLORADO; JOSEPH JOHNSON, in his individual and official
capacity as Special Agent in Charge of the Federal Bureau of
Investigation for the District of Colorado; MARK HOLTSLAW,
in his individual capacity as a Special Agent for the
Federal Bureau of Investigation for the District of
Colorado; TINA ROWE, in her individual and official
capacity as the United States Marshal for the District of
Colorado; DAVID FLOYD, in his individual capacity as a
Deputy United States Marshal for the District of Colorado;
LARRY HOMINICK, in his individual capacity as Deputy United
States Marshal for the District of Colorado; JAKE WARNER,
in his individual capacity as a Deputy United States Marshal
for the District of Colorado; JAMES TAFOYA, in his
individual capacity as a Deputy United States Marshal for
the District of Colorado; DRUG ENFORCEMENT ADMINISTRATION;
GREG WILLIAMS, in his individual and official capacity as
Special Agent in Charge of the United States Drug
Enforcement Administration for the District of Colorado;
ROBERT GREGORY, in his individual capacity as a Special
Enforcement Administration for the District of Colorado;
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, the District of
Colorado; BILL EASTMAN, in his individual and official
capacity as Special Agent in Charge of the Bureau of
Alchohol, Tobacco and Firearms for the District of Colorado;
MATT TRAVER, in his individual capacity as a Special Agent
for the Bureau of Alcohol, Tobacco and Firearms for the
District of Colorado; THE MCGRAW-HILL COMPANIES, INC., a
corporation licensed to do business in the State of Colorado
and owner of KMGH Channel 7; DAVE MINSHALL, KMGH channel 7
Investigative Reporter; JOHN PROFFITT, KMGH Channel 7
General Manager; TREETOP COMMUNICATIONS, an Indiana
corporation conducting business in the State of Colorado;
LAWRENCE MEYERS, Investigative Reporter for Media Bypass
Magazine; JIM THOMAS, Chief Executive Officer for Treetop
Comminications and Media Bypass Magazine; JIM THOMAS, Chief
Executive Officer for Treetop Communications and Media
Bypass Magazine; JIM KEITH, author of the book OKBOMB, a
1996 book distributed in the State of Colorado; ILLUMINET
PRESS, a corporation licensed to do business in the State of
Georgia and publisher of the book OKBOMB, conducting
business in the State of Colorado; RON BONDS, Owner of
Illuminet Press; NANCY KRATZER, Director of Marketing and
Promotion for Illuminet Press; and unidentified agents and
marshals of the FBI, U.S. Marshals Service, D.E.A., BATF for
the District of Colorado, Defendants-Appellees.
 No. 97-1337, (D.C. No. 97-S-308)
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1997.
 
 CC ORDER AND JUDGMENT*
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.**
 
 
 1
 Plaintiff Cary Gagan, appearing pro se, appeals the district court's denial of his Motion to Vacate Order of Dismissal filed pursuant to Fed.R.Civ.P. 60(b)(6). Gagan instituted this civil rights action against numerous Defendants alleging that they violated his constitutional rights while he served as a government informant. The district court dismissed Gagan's complaint as frivilous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Thereafter, Gagan filed his motion to vacate asking the district judge to reinstate Gagan's lawsuit and recuse himself (as well as all other judges from the District of Colorado) from hearing the case. Our jurisdiction to review the denial of Gagan's Rule 60(b)(6) motion arises under 28 U.S.C. § 1291. We review the denial of such motion only for an abuse of discretion. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir.1996). In determining whether the district court abused its discretion, we are mindful that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990).
 
 
 2
 We have reviewed the briefs, pleadings, motions, and entire record before us. We agree with the district court that this action is frivolous and find no abuse of discretion in the denial of Gagan's Rule 60(b)(6) motion.
 
 
 3
 AFFIRMED.
 
 
 4
 Entered for the Court,
 
 Bobby R. Baldock, Circuit Judge
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument