Lee CALHOUN, Plaintiff,

v.

Brandon D. SCHULTZE and Glenn Schultze, Defendants.

Civ. A. No. 99–2249–KHV.

United States District Court, D. Kansas.

Nov. 27, 2000.

C. Kevin Baldwin, Liberty, MO, for Lee Calhoun.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for Brandon D. Schulze and Glenn Schulze.

## MEMORANDUM & ORDER

VRATIL, District Judge.

Lee Calhoun filed this diversity action on June 4, 1999, claiming that defendants are liable for injuries which he received in an automobile accident on June 6, 1997. On May 31, 2000, defendants filed a Motion To Dismiss (Doc. # 23), asserting that plaintiff had not obtained service of process and that the Court should dismiss the case because the two year statute of limitations had ex-

pired. The Court sustained defendants' motion as unopposed under D. Kan. Rule 7.4, and dismissed the case. See Order (Doc. #28) filed August 7, 2000. This matter comes before the Court on plaintiff's Motion To Set Aside Dismissal Of August 7, 2000 (Doc. #31) filed September 6, 2000. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

■ The Federal Rules of Civil Procedure do not provide for motions to set aside orders of dismissal. Plaintiff's motion is properly considered either as a motion to alter or amend the judgment, Fed.R.Civ.P. 59(e), or as a motion for relief from judgment, Fed.R.Civ.P. 60(b). Rule 59(e) requires that any motion to alter or amend be filed no later than ten days after entry of judgment. Plaintiff did not file his motion to set aside dismissal within ten days of the order dated August 7, 2000, and therefore his motion is untimely under Fed.R.Civ.P. 59(e). Under Fed.R.Civ.P. 60(b), however, a Court may grant relief from a judgment or order for several reasons, including (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation or other misconduct of an adverse party. Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir.1999); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990). Carelessness by a litigant does not afford a basis for relief under Rule 60(b)(1). *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990).

Defendants filed their motion to dismiss on May 31, 2000, within the time frame set forth in the Court's Scheduling Order. See Doc. #16, ¶ 3 (motion to dismiss for failure to state claim due May 31, 2000). Because defendants' motion required the Court to consider matters outside the pleadings, defendants stated that the motion should be treated as a motion for summary judgment. Plaintiff failed to respond to the motion within 20 days, as required by local rule. See D.

Kan. Rule 7.1(b) (party has 20 days to respond to motion to dismiss or for summary judgment). Plaintiff states that he failed to timely respond because "[p]laintiff's counsel was under the mistaken belief that because the motion to dismiss was not due until the deadline of August 18, 2000 [the deadline for summary judgment motions] that same would not need to be responded to until that time frame." Memorandum In Support Of Plaintiff's Motion To Set Aside Dismissal Of August 7, 2000, Doc. #32 at 2. Plaintiff cites no case law, rules or other authority that supports this position. The local rules clearly provide that plaintiff's response was due 20 days from the date defendants served their motion—whether it was a motion to dismiss or a motion for summary judgment.

■ Plaintiff appears to rely upon mistake or excusable neglect in seeking relief from judgment.[1] As a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) the court has made a substantive mistake of law or fact in the final judgment or order. *Yapp*, 186 F.3d at 1231. Plaintiff does not allege that the Court erred in this case. Thus he must show that his failure to oppose the motion to dismiss is an excusable litigation mistake.

■ To determine whether neglect is "excusable," the Court must take account of all relevant circumstances surrounding a party's delay, including (1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court must apply the Brunswick factors to determine if plaintiff's neglect in this case should be excused.

■ Plaintiff's reasons for failure to timely oppose defendants' motion to dismiss are un-

---

1. Rule 60(b)(1), Fed.R.Civ.P., provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect."

convincing. Plaintiff provides no excuse for failing to follow D. Kan. Rule 7.1(b) and the clear language of the scheduling order. Plaintiff's error was obviously within his control. Plaintiff's actions have caused no prejudice to defendants. The length of the delay, however, is significant: plaintiff's response was due 20 days after defendants filed the motion on May 31, and plaintiff did not attempt to file a response in opposition until September 6. Further, the delay has resulted in a cancellation of the pretrial conference (which became unnecessary when the Court granted defendants' motion). Finally, although the record reveals no indication of bad faith, it also does not reflect any basis for finding that plaintiff acted in good faith.

The Court finds that plaintiff's failure to timely oppose defendants' motion to dismiss does not constitute excusable neglect. See *Advanced Estimating*, 130 F.3d at 998 (no circuit that has considered the issue has held that an attorney's failure to grasp the procedural law is "excusable neglect.").

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Set Aside Dismissal Of August 7, 2000 (Doc. # 31) filed September 6, 2000, be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that plaintiff's untimely *Memorandum In Opposition To Defendants' Motion To Dismiss* (Doc. # 30), filed without leave of Court on September 6, 2000, is hereby **STRICKEN.**