**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARITY LEHNERT,

    Plaintiff-Appellant,

v.

BILL HERSH, Lieutenant;
THOMAS HAYNIE, Lieutenant;
RODNEY RUBEN, Lieutenant;
JOEL LEVY, Captain; LINDA
FICSHER, Lieutenant; KAREN
RAYL, Lieutenant; MARY WEST,
Division 2 Director;

    Defendants,

and

T. UNRUH, Captain; BECKY
TORRI, Major; NOBLE
WALLACE, Warden; RANDY
LIND, Captain,

    Defendants-Appellees.

No. 04-1529

(D. Colorado)

(D.C. No. 01-B-859 (BNB))

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

<sup>*</sup> This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.[**]

Charity Lehnert appeals the district court's order denying her Motion for Rehearing, filed in the district court on August 20, 2004. We affirm the district court's decision.

## I. BACKGROUND

In May 2001, Ms. Lehnert filed this pro se 42 U.S.C. § 1983 action alleging that she had been subjected to physical abuse while incarcerated at the Denver Women's Correctional Facility. Ms. Lehnert failed to respond to several court orders, and, as a result, on January 2, 2002, the district court dismissed her complaint.

On December 11, 2003, Ms. Lehnert filed a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(1). She asserted that she had been incarcerated since August 7, 2001 and "did not receive notice of any judgment against her and was confused and misinformed about federal civil procedures in question." Rec. doc. 28, at 1-2.

---

[**]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(F). The case is therefore submitted without oral argument.

On May 7, 2004, the district court denied Ms. Lehnert's Rule 60(b)(1) motion. The court stated:

> I cannot conclude that the grounds argued by Plaintiff constitute excusable neglect. The record here indicates that after Plaintiff filed her initial complaint, she informed the court of a new address when her mail was not properly forwarded to her in June 2001. As a result, it is clear that Plaintiff was aware that in order to receive pleadings from the court in this matter, she would need to inform the court of any change of her address. The record further reveals that Plaintiff had no contact with the court, after paying her filing fee in July of 2001, until ten months later when Plaintiff finally notified the court of her new address in May 2002.

Rec. doc. 29, at 2-3 (Order, filed May 7, 2004). The court further noted that despite notifying the court of her new address in May 2002, Ms. Lehnert did not seek relief from the dismissal of her case until many months later.

On August 20, 2004, Ms. Lehnert filed a Motion for Rehearing. She cited Fed. R. Civ. P. 60(b)(1). As grounds for relief, she again asserted that she had not received mail from the district court. See Rec. doc. 30. The court denied that motion.

## II. DISCUSSION

Because she cited Fed. R. Civ. P. 60(b)(1) and argued that the court should vacate its order of dismissal on grounds of excusable neglect, we view Ms. Lehnert's August 2004 Motion for Rehearing as a motion for relief from the

-3-

judgment pursuant to Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) provides that a district court may grant relief from a judgment due to "mistake, inadvertence, surprise or excusable neglect." A Rule 60(b) motion "shall be made within a reasonable time, . . . and . . . not more than one year after the judgment, order, or proceeding was entered or taken."

We review the denial of a Rule 60(b) motion for an abuse of discretion. FDIC v. Oldenburg, 38 F.3d 1119, 1123 (10th Cir. 1994). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

Here, Ms. Lehnert's August 20, 2004 Motion for Rehearing was untimely: she filed it more than two and one-half years after the district court's order of dismissal. Moreover, for the reasons set forth in the district court's order denying her first Rule 60(b) motion, Ms. Lehnert has not established excusable neglect warranting relief under Rule 60(b).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's denial of Ms. Lehnert's Motion for Rehearing. We also DENY Ms. Lehnert's motion to proceed in forma

pauperis in this appeal.  Ms. Lehnert is therefore responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court,


Robert H. Henry
United States Circuit Judge