**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 16, 2006**

**TENTH CIRCUIT**

ROBERT LEE PEARSON,

Petitioner-Appellant,

v.

RON WARD, Department of
Corrections Director,

Respondent-Appellee.

Nos. 05-6293 and 06-6021

(W.D. of Okla.)

(D.C. No. CV-05-452-L)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner-Appellant Robert Lee Pearson, a state prisoner appearing *pro se,*

seeks a Certificate of Appealability (COA) challenging the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition and also appeals the

denial of his Rule 60(b)(1) motion. Because Pearson has neither made a

substantial showing of the denial of a constitutional right, nor demonstrated

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sufficient circumstances to warrant relief under Rule 60(b), we DENY the COA

and DISMISS the appeal as to the habeas petition in 05-6293, and AFFIRM the

district court's decision denying the Rule 60(b) motion in 05-6021.

## I. Background

Pearson pleaded guilty to multiple counts of possession with intent to

distribute controlled substances and possession of a firearm while committing a

felony. He was sentenced to twenty five years for each count, all to be served

concurrently. He claims that: (1) his sentence was improperly enhanced using

stale prior convictions, (2) his counsel was ineffective, and (3) he was improperly

deprived of a post-conviction appeal in the Oklahoma courts.

The magistrate judge recommended dismissal of the first two grounds of his

habeas petition as time-barred and the third ground for failure to state a claim

upon which relief can be granted. Although notified of his obligation to file

objections to the magistrate's report, Pearson apparently did not do so.

Nonetheless, the district court reviewed his petition de novo and adopted the

magistrate's recommendation. Pearson appealed the dismissal of his petition. He

then moved to vacate and set aside judgment pursuant to Rule 60(b), alleging that

he had objected timely to the magistrate's recommendation. The court noted that

although it lacked jurisdiction to grant the Rule 60(b)(1) motion due to the

pendency of the habeas appeal, it was free to deny the motion on its merits. *See*

-2-

*Aldrich Enters., Inc. v. United States,* 938 F.2d 1134, 1143 (10th Cir. 1991). The court denied Pearson's Rule 60(b) motion, and Pearson now seeks COA.

## II. Analysis

### A. Dismissal of Pearson's § 2254 Motion

Since Pearson appears *pro se,* we must construe the complaint liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon***,** 935 F.2d 1106, 1110 (10th Cir. 1991). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a claim on procedural grounds and does not reach the merits, the appellant seeking a COA must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) stipulates: "[A] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). Pearson entered a plea of guilty on July 3, 1996, and failed to object within ten days after the pronouncement of his judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA) (noting that to appeal from a guilty plea, the defendant must file an

application to withdraw the plea within ten days from the date of the pronouncement of judgment and sentence). Therefore, his conviction became "final" for purposes of § 2244(d)(1)(A) on July 15, 1996.[1] *See Fisher v. Gibson,* 262 F.3d 1135 (10th Cir. 2001) (holding that a petitioner's conviction pursuant to a guilty plea was final ten days after entry of judgment and sentence where petitioner failed to appeal). Because Pearson initiated this action in February 2004, roughly seven years beyond the one-year restriction, the district court was correct in dismissing the first two claims as time-barred.

We also deny COA as to Pearson's third ground for relief. Pearson's argument apparently is that the Oklahoma courts failed to rule in his favor on his state habeas petition. Any attempt by a habeas petitioner to challenge state "post-conviction procedures . . . [will] fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young,* 11 F.3d 1518, 1521 (10th Cir. 1993); *see Sellers v. Ward,* 135 F.3d 1333 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable in a federal habeas corpus proceeding). Accordingly, Pearson is not entitled to habeas relief on ground three.

## B. Denial of Rule 60(b) Motion

---

[1] The tenth calendar day fell on July 13, 1996, a Saturday. Thus Pearson's conviction became final on the following business day, Monday, July 15, 1996.

-4-

We review the district courts's denial of a Rule 60(b) motion for abuse of discretion. *See Aldrich Enters.,* 938 F.2d at 1143. Pearson claims he timely filed an objection to the magistrate's recommendation, but the pleading was lost at no fault of his own. Even though the objections were untimely, the court considered it on its merits.

We see no error. First, the district court properly denied jurisdiction due to the pendency of Pearson's habeas appeal. *Id.* But, under *Aldrich* the court was also free to deny the motion on its merits, which it did. *Id.* "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Because Pearson's objections raised only the same claims that had been previously addressed by the district court, we agree that no exceptional circumstances exist. The Rule 60(b)(1) motion was properly dismissed.

### III. Conclusion

For the reasons stated above we DENY the COA and DISMISS the appeal from the district court's order in 05-6293. We AFFIRM the district court's judgment in 05-6021. Finally, we DENY the motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge