**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BIJAN DANESHVAR,

  Plaintiff-Appellant,

v.

GRAPHIC TECHNOLOGY, INC.,

  Defendant-Appellee.

No. 07-3240

(D. Kansas)

(No. 2:04-CV-02212-JWL)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

_____

Bijan Daneshvar, formerly employed by Graphic Technology, Inc. (GTI), appeals the district court's dismissal of his motion for relief from judgment filed pursuant to Rule 60(b). For the reasons explained below, we affirm the district court's dismissal.

---

[*] This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. _See_ FED. R.APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Mr. Daneshvar filed a pro se complaint against GTI alleging several violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The alleged violations included unfair discharge, failure to promote, unequal terms and conditions of employment, retaliation, and additional discriminatory acts under Title VII. The district court dismissed several claims for lack of subject matter jurisdiction, and granted summary judgment to GTI on the balance of the claims. *See Daneshvar v. Graphic Tech., Inc.*, 433 F. Supp. 2d 1244 (D. Kan. 2006); *Daneshvar v. Graphic Tech., Inc.*, 2006 WL 266603 (D. Kan. Feb. 1, 2006); *Daneshvar v. Graphic Tech., Inc.*, 2006 WL 14565 (D. Kan. Jan. 3, 2006). We affirmed the district court's judgment on May 15, 2007, and the mandate issued on June 6, 2007. *See Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309 (10th Cir. 2007).

Mr. Daneshvar filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from the district court's judgment. In his motion for relief from judgment, Mr. Daneshvar contended that he had newly-discovered evidence of conspiracy, cover-up, forgery, and fraud that supports the revisiting of his claims regarding disparate wages and wrongful discharge. Mr. Daneshvar also contended that GTI and its counsel have engaged in misconduct including fabrication of documents and submission of perjured testimony. The district court concluded that the evidence Mr. Daneshvar presented in his Rule 60(b) motion could have and should have been presented in his response to GTI's motion for summary judgment. The district court also reprimanded Mr. Daneshvar for his bald and

2

unsupported  assertions regarding GTI's and counsel's misconduct.  Mr. Daneshvar now appeals.

## II. DISCUSSION

"We review a district court's denial of a Rule 60(b) motion for an abuse of discretion.  *Amoco Oil Co. v. United States Envt'l Protection* Agency, 231 F.3d 694, 697 (10th Cir. 2000).  "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).   "Rule 60(b)[] relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and internal quotation marks omitted).   "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below."  *Id.* at 1289 (internal quotation marks omitted).  We do not find a definite, clear or unmistakable error, and therefore affirm.

Indeed, we have reviewed plaintiff's Rule 60 motion, and conclude that Mr. Daneshvar does not endeavor to offer any justification for the delayed reference to these allegations, when the evidence appears to have been in his possession during the summary judgment proceedings.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's denial of Mr. Daneshvar's Rule 60(b) motion.

Entered for the Court,

Robert H. Henry
Chief Circuit Judge