**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MILTON E. COSBY,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

Defendant-Appellee.

No. 12-1184
(D.C. No. 1:10-CV-01426-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Milton E. Cosby applied for supplemental social security income benefits in

2006, alleging disability due to back and leg impairments. An administrative law

judge (ALJ) denied the application and, after the Appeals Council declined review,

Mr. Cosby filed suit in district court. The district court affirmed the ALJ's decision

and entered final judgment in favor of the Commissioner. Mr. Cosby did not file an

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal from the district court's decision. Instead, almost ninety days after judgment was entered, he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). The district court denied the Rule 60(b) motion and Mr. Cosby now appeals from that decision. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

"We review for abuse of discretion a district court's denial of a Rule 60(b) motion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks omitted). "[A] Rule 60(b) motion is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). And an appeal from the denial of a Rule 60(b) motion "does not bring up for review the underlying judgment." *Id.*

Mr. Cosby moved for relief under Rule 60(b)(1), which permits the court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Mr. Cosby also cited to 20 C.F.R. § 416.1489(a)(3)—which provides grounds available to the Social Security Administration to reopen a decision or determination. In the motion, Mr. Cosby noted that he had received the district court's judgment four weeks after it was entered and did "not know the specific time limit or the specific reopening rules of the Courts." R., Vol. 2 at 320. He then proceeded to argue about the merits of the ALJ's decision and how the ALJ erred in evaluating his disability claim.

In denying the Rule 60(b) motion, the district court explained that Mr. Cosby's reliance on 20 C.F.R. § 416.1489(a)(3) was misplaced and that the court's consideration of Mr. Cosby's motion was governed solely by Rule 60(b). The court further explained that:

> As a general proposition, the Rule 60(b)(1) "mistake" provision provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

R. Vol. 1 at 18-19 (citing *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 576 (10th Cir. 1996)). The district court concluded that Mr. Cosby was not entitled to relief for the following reasons:

> Even when liberally construed, Plaintiff's motion fails to assert grounds of judicial mistake. Rather, Plaintiff is merely re-arguing the claims he made in his initial appeal of the SSA Commissioner's denial and, as such, is again asking this Court to re-weigh the evidence before the ALJ. Reconsideration under Rule 60(b)(1) is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it to present new arguments based upon law or facts that existed at the time of the original argument.

*Id*. at 19.

In his appellate brief, Mr. Cosby does not challenge the district court's reasoning in denying his Rule 60(b) motion. Instead, he asserts that he was "confused" and did not know he had a right to appeal from the district court's judgment. Aplt. Br. at 2. He appears to argue that the Social Security Administration and the district court had a responsibility to notify him "how to appeal" and failed to do so. *Id*. He also contends that it was excusable neglect that

- 3 -

caused him to fail to file a timely notice of appeal and that the district court abused its discretion in not applying "the Excusable Neglect Standard of Rule 60(b)(1)." *Id*. at 3.

Mr. Cosby's appellate brief raises new issues that were not presented to the district court in his Rule 60(b) motion and does not offer any legally sufficient basis to overturn the district court's decision. Proceeding pro se does not relieve Mr. Cosby of the responsibility to learn about and follow the correct procedures to file a timely notice of appeal. We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). We see no abuse of discretion in the district court's decision denying Mr. Cosby's Rule 60(b) motion and affirm the district court's judgment based on the reasoning set forth in its order dated March 12, 2012.

Entered for the Court

David M. Ebel
Circuit Judge