**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY RENARD ADAMS,

Plaintiff-Appellant,

v.

JOHN WESLEY ANDERSON, JAY
A. LAUER, RICK STULL, and JOHN
DOE 1 TO 99,

Defendants-Appellees.

No. 00-1503

D. Colo.

(D.C. No. 00-Z-795)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Renard Adams, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that various state officials and the Risk Management Program of the El Paso County Jail had violated his Eighth and Fourteenth Amendment rights. Invoking 28 U.S.C. § 1915(e)(2)(B)(i), the district court dismissed Mr. Adams's complaint as frivolous. Thereafter, Mr. Adams filed multiple "motions to rescind or reconsider," all of which the district court denied. On appeal, Mr. Adams argues that the district court erred in concluding that he had failed to allege any facts in support of his claims. He also asserts that the district court erred in dismissing his case because his rights were also protected under the Fifth and Sixth Amendments. For the reasons stated below, we affirm.

I.

In his complaint, Mr. Adams alleged the following facts. On June 11, 1998, while incarcerated at the El Paso County Jail, Mr. Adams filled out a personal property release form, which released all personal property in his possession at the time (except for two pairs of shoes and a pair of shoe strings) to Michael, Demetrius, or Bettye Somerville. Sometime between June 11, 1998, and September 10, 1998, this property was released but not to any of the persons specified in the form completed by Mr. Adams. The property was never found nor returned.

According to Mr. Adams, he then took the following steps in an attempt to secure relief for his missing property. First, he filed several grievances with the El Paso County Jail. Second, he filed a claim with the Risk Management Program at the jail. Finally, he filed a complaint in El Paso County Small Claims Court. After he was denied relief in the Small Claims Court, he appealed to the El Paso County District Court.

On April 19, 2000, having been denied the relief desired, Mr. Adams then filed a complaint in federal court pursuant to 42 U.S.C. § 1983.[1] In his first claim, Mr. Adams asserted that John Wesley Anderson, the El Paso County sheriff, had intentionally violated his Eighth and Fourteenth Amendment rights because Mr. Anderson had "complete control" over his property, which was missing. Rec. doc. 3, at 2 (complaint, filed Apr. 19, 2000). In his second claim, Mr. Adams alleged that Jay A. Lauer, the county attorney for El Paso County, intentionally violated his Eighth and Fourteenth Amendment rights because Mr. Lauer conspired to withhold evidence from the state courts "which would have proven . . . that [his] property had disappeared." Id. at 3. In his final claim, Mr. Adams maintained that Rick Stull, an accident and claims investigator for the Risk Management Program, and the Risk Management Program intentionally

---

[1] Because the issue was never raised by the defendants, we do not address the merits of any res judicata argument in this opinion.

violated his Fourteenth Amendment rights because they failed to provide him with a means of redress with respect to his missing property. Mr. Adams asked that the district court "grant [him] sanctions of [$]100,000.00 and other such relief deemed reasonable considering court cost, los[s] of property[,] and a clear decision by all litigants [i]nvolved to simply violate [his] constitutional rights." Id. at 6.

On August 20, 2000, the district court dismissed the complaint as frivolous. Several days later, Mr. Adams filed a motion to "re[s]cind order and judgement [sic] of dismissal." See Rec. doc. 16, at 1 (motion, filed Sept. 13, 2000). Because of unusual circumstances, including a change of address by Mr. Adams, the district court liberally construed the motion both as one proceeding under Federal Rule of Civil Procedure 59(e) *and* as one proceeding under Rule 60(b). The district court denied the Rule 59(e) motion because "Mr. Adams fail[ed] to present any argument or authority that [it] had misapplied the law or misunderstood his position"; it also denied the Rule 60(b) motion because "[Mr. Adams] fail[ed] to present any extraordinary circumstances that justif[ied] relief" under that rule. Rec. doc. 17, at 3 (order, filed Sept. 22, 2000).

The district court's order prompted another motion from Mr. Adams, this one entitled "supplemental motion to reconsider motion to dismiss." Rec. doc. 18, at 1 (motion, filed Oct. 5, 2000). The district court denied the motion,

referencing its September, 22, 2000, order.     See Rec. doc. 19, at 1 (minute order, filed Oct. 10, 2000).  Mr. Adams subsequently filed yet another motion with the district court – this one a "supplemental motion to re[s]cind order to dismiss." Rec. doc. 21, at 1 (motion, filed Nov. 20, 2000).  That same day, the district court denied the motion, once again referencing its order issued on September 22, 2000. See Rec. doc. 22, at 1 (minute order, filed Nov. 20, 2000).  In this order, the district court advised Mr. Adams that he had "not initiated an appeal in the United States Court for the Tenth Circuit and, therefore, the motion, which is filed in the wrong court, is unnecessary."     Id. at 1.  On December 4, 2000, Mr. Adams finally contacted the clerk of this court by letter.  This letter has been construed as a notice of appeal.   See Rec. doc. 23, at 1 (letter/notice of appeal, dated Nov. 30, 2000, and received Dec. 4, 2000).

## II.

### A.

The procedural history of this case may be summarized as follows:  After the district court dismissed his complaint, Mr. Adams filed three different "motions to rescind or reconsider" with the district court before filing a notice of appeal with this court.  Under the Federal Rules of Appellate Procedure, Mr. Adams had thirty days to file a notice of appeal with respect to the dismissal of

his complaint.   See Fed. R. App. P. 4(a)(1)(A).  Because he filed a Rule 59(e)/Rule 60(b) motion, the time to file the notice of appeal did not begin run until after the district court ruled on the motion.      See Fed. R. App. P. 4(a)(4)(A)(iv) and (vi).  The district court denied the Rule 59(e)/Rule 60(b) motion on September 22, 2000.  Therefore, to appeal the order dismissing the complaint, Mr. Adams had to file a notice of appeal by October 23, 2000.  This Mr. Adams did not do.  Because he failed to file a timely notice of appeal, we simply and unequivocally have no jurisdiction over the dismissal of Mr. Adams's complaint.

We do have jurisdiction, however, over a subsequent order issued by the district court – namely, the denial of Mr. Adams's third "motion to rescind or reconsider."  This motion was denied on November 20, 2000.  With respect to this order, Mr. Adams did file a timely notice of appeal – i.e., his letter to the clerk of this court, received December 4, 2000.  We emphasize that this is the only order that may be considered on appellate review as this was the only order for which a timely notice of appeal was filed.

B.

Having established the limits of our appellate review, we briefly address a preliminary matter raised by Mr. Adams. In his brief, Mr. Adams suggests that his failure to raise claims based on the Fifth and Sixth Amendments should be excused in light of his pro se status. More specifically, he states, "[T]he Plaintiff is not a layman [sic] of the law and may have in fact inadvert[e]ntly used the 8th and 14th amendment[s] [in his pleadings below] instead of the 5th, 6th[,] and 14th amendments." Aplt's Br. at 17.

We recognize that, because of Mr. Adams's pro se status, we must liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Even so, pro se plaintiffs are still subject to the general rule that "a federal appellate court does not consider an issue not passed upon below." [2] Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (internal quotation marks omitted); cf. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply

---

[2] There are exceptions, of course, to this general rule. For instance, in Lyons v. Jefferson Bank & Trust, 994 F.2d 716 (10th Cir. 1993), this court noted that "[c]ertainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt . . . or where injustice might otherwise result." Id. at 721 (internal quotation marks omitted). This case, however, provides neither of these exceptions.

with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.") (internal quotation marks omitted). Consequently, any argument Mr. Adams now makes based on the Fifth and Sixth Amendments is not within our purview. That being said, Mr. Adams's failure to invoke the Fifth and Sixth Amendments has no real effect on his case. Our review of Mr. Adams's pleadings, not only those presented to the district court but also those offered to this court, leads us to conclude that Mr. Adams's claims are based on a violation of due process by state officials and/or state entities, and therefore his reference to the Fourteenth Amendment is more than adequate. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (discussing deprivations of life, liberty, and property under the Fourteenth Amendment).

C.

Having disposed of this preliminary matter, we now turn to the merits of Mr. Adams's appeal. As noted above, our review on appeal is limited to the district court's denial of Mr. Adams's "supplemental motion to re[s]cind order to dismiss," filed on November 20, 2000. Because this motion was filed more than ten days after the final judgment, we construe the motion as one filed pursuant to Rule 60(b). See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

We review the denial of Rule 60(b) relief for an abuse of discretion. See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Servants of the Paraclete v. John Does, I-XVI, 204 F.3d 1005, 1012 (10th Cir.2000) (internal quotation marks omitted).

In denying reconsideration, the district court determined that there were no exceptional circumstances justifying relief, and based on our review of the record we agree. Accordingly, we AFFIRM the district court's order.

Entered for the Court,


Robert H. Henry
Circuit Judge