**In re Milburn FRANZ, Debtor.**

No. 87–1716–C.

United States District Court, D. Kansas.

Feb. 15, 1989.

**604**

E. Dexter Galloway, and Patricia Macke Dick, Branine Chalfant & Hill, Hutchinson, Kan., for 1st Nat. Bank of Hutchinson.

J. Michael Morris, Wichita, Kan., for debtor.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is bankruptcy appeal brought by the creditors, The First National Bank and Trust Company of Hutchinson, Kansas, Farmers Cooperative Elevator Company and Action Auto Rental and Sale. These creditors filed an involuntary bankruptcy petition against the debtor, Milburn Franz, on October 7, 1986.

In an order filed September 25, 1987, the bankruptcy court found that debtor was a farmer as defined by 11 U.S.C. § 101(19), and, as a result, an involuntary petition in bankruptcy could not be commenced against the debtor pursuant to 11 U.S.C. § 303(a). On October 13, 1987, the creditors moved to set aside the judgment arguing that a deposition of Marjorie Schmidt has been taken on October 8, 1987, in which she testified that neither her husband nor his corporation had paid any compensation to debtor or leased any pasture from debtor in 1985. This testimony contradicted Milburn Franz' testimony that in 1985 he received approximately $3300 from Geral Schmidt for leasing pasture ground. The bankruptcy court treated the creditors' motion as brought under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60. In an order filed January 13, 1988, the bankruptcy court denied the motion "in that the alleged new evidence could have been discovered prior to the trial of issues in this case." (Rec. on App. 48).

The creditors filed a notice of appeal on December 16, 1987, stating the orders being appealed were filed on September 16, 1987, and December 7, 1987. These listed dates correspond to the hearing dates on which the bankruptcy court orally ruled and then directed counsel to prepare written orders. These orders were subsequently signed and filed on September 25, 1987, and January 13, 1988.

Appellant/creditors specify five issues on appeal:

1. Did the bankruptcy court abuse its discretion by refusing to grant a continuance of the trial?

2. Did the bankruptcy court abuse its discretion by refusing to adjourn the trial for the introduction of testimony at a later date by Mrs. Schmidt?

3. Did the bankruptcy court abuse its discretion when it entered the order dismissing the case without circulation of the order as ordered by the court at the hearing on September 16, 1987?

4. Should these appellants be restricted to a proceeding under Federal Rule of Civil Procedure 60 (thus precluded from utilizing Federal Rule of Civil Procedure 59) when the order dismissing the action was filed (a) without being circulated for approval by counsel for the appellants, and (b) without a copy of the order even being provided to counsel for the appellants?

5. Did the bankruptcy court abuse its discretion by failing to grant the motion for relief from judgment and retrying the issues?

(R. 4 at p. 8). The first four issues were neither argued nor raised in the pleadings or hearing upon the appellant's motion to set aside or for relief from judgment.

A party appealing a bankruptcy court order must file a notice of appeal within 10 days from the date of the entry of the order. Bankruptcy Rule 8002(a). An untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. *In re Abdallah,* 778 F.2d 75, 77 (1st Cir.1985), *cert. denied,* 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986); *In re Intern. Coating applicators, Inc.,* 647 F.2d 121, 124 (10th Cir.1981); *Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980). In the present case, the appel-

lants filed their notice of appeal more than 10 days after entry of the order of September 25, 1987. That order and the appellant's issues regarding it are beyond this court's jurisdiction to review.

 Appellants have not established that issues three and four were raised before the bankruptcy court and, therefore, preserved for appellate review. This court will not entertain such arguments raised for the first time on appeal.

The only issue properly before the court is whether the bankruptcy court abused its discretion in denying appellants' motion for relief from judgment. Federal Rules of Civil Procedure 59 and 60 are made applicable to cases under the Bankruptcy Code by Bankruptcy Rules 9023 and 9024, respectively. Appellants' post-trial motion was not filed within the 10–day period allowed in Rule 59(e). Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment or order upon six possible grounds. The only ground advanced by the appellants is Rule 60(b)(2)— "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."

Motions for relief from judgment are committed to the trial court's discretion and reviewed only for abuses of that discretion. *Miller v. Cudahy Co.*, 656 F.Supp. 316, 326 (D.Kan.1987), *modified on other grounds*, 858 F.2d 1449 (10th Cir.1988). A motion for relief from judgment seeks extraordinary relief to be granted only upon a showing of exceptional circumstances and strict satisfaction of the following requirements. First, the evidence must have existed at the time of trial, but not have been known to the movant. Second, the evidence could not have been discovered by the exercise of due diligence in time to present it during the original proceeding. Third, the evidence must be such that it would probably have produced a different outcome had it been presented initially. *American Motorists Ins. Co. v. General Host Corp.*, 120 F.R.D. 129, 132 (D.Kan. 1988); *Miller*, 656 F.Supp. at 326.

Appellants have not shown any abuse of discretion by the bankruptcy court in denying their motion for relief from judgment. Appellants had ample opportunity to depose Mrs. Schmidt prior to trial. As of July 14, 1987, appellants were aware of the name and address of the appellee's pasture tenant, and they took no immediate action to discover that information. Dilatory conduct cannot be awarded with a second opportunity for litigation. The bankruptcy court did not abuse its discretion in denying the appellants' motion for relief from judgment.

IT IS SO ORDERED.