**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:  APOGEE ROBOTICS, INC., a
Colorado corporation and AGV
ACQUISITIONS, INC.,

Debtors.

_____

APOGEE ROBOTICS, INC.,

Plaintiff-Appellee,

v.

FOSS REALTY, INC.,

Defendant-Appellant.

No. 97-1106
(D.C. No. 96-K-2608)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, appellant's request for oral argument is denied and the case is ordered submitted without oral argument.

Defendant-appellant Foss Realty, Inc. (Foss) appeals from a district court order affirming the bankruptcy court's order denying its Fed. R. Civ. P. 60(b) motion for relief from judgment. After careful review of the record in this case, we affirm.

In April 1994, debtor Apogee Robotics, Inc. (Apogee) borrowed $200,000 from Foss, securing the loan by granting Foss a security interest in a stock certificate representing 60,000 shares of common stock of Loronix Information Systems, Inc. (Loronix). At the time of the loan, Apogee delivered physical possession of the stock certificate to Foss. On September 20, 1994, Apogee and Foss entered into an agreement to satisfy the loan by transfer of 75,000 shares in Loronix from Apogee to Foss. As part of this agreement, Foss agreed to return to Apogee any collateral held by Foss as security for the loan except any shares of Loronix transferred to Foss in satisfaction of the loan.

Apogee filed for Chapter 11 protection on December 9, 1994, and remained debtor in possession.[1] It appears that on or about October 30, 1994, prior to the bankruptcy filing, Mr. Robert Oliphant, Apogee's secretary, with the permission of Apogee's president, took possession of certain documents in Apogee's corporate files. Among these documents, Mr. Oliphant discovered a file containing documents pertaining to the loan to Apogee from Foss, including the original loan documents and the original stock certificate. Mr. Oliphant notified both Apogee and Foss of this discovery. Claiming a right of possession as to the stock certificate, Stephen Foss, president of Foss Realty, Inc., asserted that he had returned the stock certificate to Apogee in September 1994, in order to facilitate Apogee's transfer of stock in compliance with the loan satisfaction agreement. Mr. Oliphant refused to turn over the stock certificate to either party without order of court and ultimately deposited the stock certificate with the registry of the bankruptcy court.

Apogee brought an adversarial action against Foss and Mr. Oliphant under 11 U.S.C. § 157(b)(2)(K), seeking to avoid Foss' security interest in the Loronix stock certificate. The bankruptcy court determined that, pursuant to Colo. Rev.

---

[1]     We note that appellee did not file a brief filed in this case. It appears that on June 17, 1997, Apogee's Chapter 11 proceedings were converted to Chapter 7, and a trustee was appointed, thus removing Apogee as the real party in interest. The trustee subsequently notified this court of his intent to forego a response in this matter.

Stat. § 4-8-321(4), any security interest Foss may have held in the stock certificate was terminated when Foss returned the certificate to Apogee, or within twenty-one days thereafter. Rejecting Foss' argument that the return of the stock certificate was not a transfer, but only a physical transmission, the court concluded that Foss' security interest in the stock certificate ended, at the latest, on October 21, 1994. Therefore, on July 29, 1996, the bankruptcy court, determining that Foss' security interest in the stock certificate was unperfected on the date of the bankruptcy filing, granted summary judgment to Apogee, and voided Foss' security interest in the Loronix stock certificate.

On or about May 18, 1996, prior to the summary judgment hearing, Apogee and Mr. Oliphant entered into a settlement agreement, agreeing to dismiss Apogee's claims against Mr. Oliphant. See Appellant's App. Vol. I at 208. The court in the main bankruptcy proceeding approved the settlement agreement on June 17, 1996, and a notice of the agreement was filed with the bankruptcy court hearing the adversary proceeding on June 18, 1996, including a request for entry of judgment as to the claims against Mr. Oliphant. See id. at 264.

On August 15, 1996, after the entry of summary judgment, the bankruptcy court, apparently considering the prior request for entry of judgment inadequate under Fed. R. Bankr. P. 9013, issued an order to the parties to file "a Motion for the Entry of an Order of Dismissal with Prejudice First Claim for Relief Against

-4-

Robert Oliphant on or before August 26, 1996 or this Adversary Case shall be closed without further order of the Court." Appellant's App. Vol. II at 280. On August 23, 1996, in consideration of the parties' stipulated motion for entry of judgment of dismissal, see id. at 281-82, the bankruptcy court entered an order dismissing the claims against Mr. Oliphant pursuant to the previously filed settlement agreement between Apogee and Mr. Oliphant, see id. at 283-84..

Five days later, on August 28, 1996, Foss filed a motion to alter or amend judgment pursuant to Fed. R. Bank. P. 9023 and Fed. R. Civ. P. 59(e). Construing the motion as one pursuant to Fed. R. Civ. P. 60(b), on October 29, 1996, the bankruptcy court denied Foss' motion to alter or amend. On November 7, 1996, Foss appealed both the July 29, 1996 summary judgment order and the October 29, 1996 order denying post-judgment relief to the district court. The district court affirmed the bankruptcy court's decision denying Foss post-judgment relief.

On appeal to this court, Foss argues that the bankruptcy court erred in considering his motion to alter or amend judgment under Rule 60(b) instead of under Rule 59(e).[2] To be considered timely, a motion pursuant to Rule 59(e) must be filed within ten days of the entry of judgment. See Fed. R. Civ. P. 59(e).

---

[2]     With certain modifications not relevant here, Rule 59(e) and Rule 60(b) are made applicable to the bankruptcy courts pursuant to Bankr. R. 9023 and Bankr. R. 9024 respectively.

Here, Foss filed its motion five days after the bankruptcy court's order dismissing the claims against Mr. Oliphant, asserting that its motion was timely because the bankruptcy's court's summary judgment order did not become final until the court disposed of the claims against Mr. Oliphant. Rejecting this assertion, the court explained that even though it had not yet entered a formal order dismissing Mr. Oliphant, "the entry of the Summary Judgment Order ended the litigation on the merits," and therefore Foss' Rule 59(e) motion was not timely.[3] Id. at 344.

Because the bankruptcy court was notified of the settlement agreement on June 18, 1996, well before the summary judgment hearing, and because the notice contained a request for entry of judgment of dismissal, the parties and the court were informed that the claims against Mr. Oliphant were dismissed. Thus, it is clear that at the time the court entered summary judgment, the claims against Mr. Oliphant had been disposed of and all that remained for the court to do was the ministerial function of entering an order to that effect. See Adelman v. Fourth Nat'l Bank & Trust Co. N.A. (In re Durability, Inc.), 893 F.2d 264, 265 (10th Cir. 1990) ("Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

---

[3] In its summary judgment order, the bankruptcy court did not address the claims against Mr. Oliphant, stating that "Mr. Oliphant has since been dismissed as a party defendant." Appellant's App. Vol. II at 271.

"In bankruptcy proceedings, an order is final and appealable when it disposes of a particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1499 n.2 (10th Cir. 1994) (further quotation omitted). Here, it is clear that that summary judgment order was final as to the matters comprising Apogee's adversarial action. Therefore, we determine that the summary judgment order was final, and in order to be considered timely under Rule 59(e), Foss had to file its motion to alter or amend within ten days of that order.[4] Because Foss failed to do so, the bankruptcy court correctly refused to consider Foss' motion under Rule 59(e).

While a timely Rule 59(e) motion tolls the time in which to file an appeal, a Rule 60(b) motion does not. See Fed. R. Civ. P. 4(a)(4)(C). The bankruptcy court's order denying Foss Rule 60(b) relief was entered on October 29, 1996. Foss filed its notice of appeal to the district court on November 7, 1996, making it timely as to the order denying Rule 60(b) relief because it was within the ten-day

---

[4]    Fed. R. Civ. P. 58(2) provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed. R. Civ. P. 79(a) requires the clerk of the court to enter "the substance of each order or judgment on the civil docket sheet. Contrary to Foss' assertion, on July 29, 1996, the court entered a separate judgment in compliance with Rule 58, see Appellant's App. Vol. II at 278, and on July 31, 1996, entered the judgment on the docket pursuant to Rule 79(a), see id. at 279.

period prescribed by Fed. R. Bank. P. 8002(a), but, too late to secure review of the underlying summary judgment order. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (an appeal from the denial of a Rule 60 motion "raises for review only the . . . order of denial and not the underlying judgment itself").

"In reviewing a district court's decision affirming the decision of a bankruptcy court, the court of appeals is governed by the same standards of review as those that governed the district court." United States v. Berger (In re Tanaka Bros. Farms, Inc.), 36 F.3d 996, 998 (10th Cir. 1994). The factual findings of the bankruptcy court are reviewed for clear error and its legal conclusions are reviewed by the district court and by this court de novo. See Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In re BDC Corp.), 119 F.3d 852, 857 (10th Cir. 1997). Here, the bankruptcy court's denial of a Rule 60(b) motion is ordinarily reviewed for an abuse of discretion. See id. In reviewing for whether the court abused its discretion, we recognize that "'[r]elief under Rule 60 (b) is extraordinary and may only be granted in exceptional circumstances.'" Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)).

A Rule 60(b) motion is not a substitute for direct appeal. See id. Rule 60(b) provides that the court may grant relief from judgment based on one or more of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Foss' motion requested the court consider information in addition to that considered by the court at the time of its summary judgment decision. In an attached affidavit, Stephen Foss averred that the assertions in his original affidavit, representing that Foss had purposely returned the stock certificate to Apogee in September 1994, were erroneous. In the new affidavit, Stephen Foss asserted that the original stock certificate was unknowingly and mistakenly returned to Apogee in April 1994. Foss asserted that on March 31, 1994, Apogee transmitted the signed loan documents and the original stock certificate to Foss with its request for transmittal of the $200,000 loan proceeds by April 4, 1994. See Appellant's App. Vol. II at 312. Foss contended that in the confusion of getting the check to Apogee quickly, the original loan documents and stock

certificate were inadvertently sent back to Apogee instead of copies, as was intended. Foss pointed out that this scenario comported with Mr. Oliphant's testimony at the summary judgment hearing, conjecturing that Foss must have sent Apogee the original documents in April 1994, and Apogee only later discovered the documents in its own files.

Foss then argued that pursuant to applicable Colorado law, Foss remained in constructive possession of the certificate and Apogee was obligated to deliver it upon Foss' demand. Foss asserted that, when Apogee refused to return the certificate, it became liable for conversion. Foss also argued that, as a wrongful holder of the property, Apogee became a constructive trustee, and under Colorado law, the property upon which a constructive trust is imposed cannot become part of a bankruptcy estate.

In denying the motion, the bankruptcy court concluded that Foss should have been diligent regarding an examination of its own files before responding in the summary judgment action. The court rejected Foss' contention that Mr. Oliphant's retention of the stock certificate established a constructive trust. The court further expressed concern that the averments in Stephen Foss' second affidavit directly contradicted statements he made in his original affidavit, and that it was only after entry of the summary judgment order and a change of counsel that Foss revised his testimony regarding the circumstances surrounding

the return of the stock certificate. The court also concluded that Foss failed to show mistake or excusable neglect, and, in the alternative, opined that, even if the new information had been before the court earlier, the outcome of the summary judgment proceedings would have been the same.

Given the underlying documents and procedural history of this case, the district court entertained Foss' appeal to the extent possible.[5] On appeal, Foss does not explain how its motion satisfied any of Rule 60(b)'s six grounds for relief. The bulk of Foss' argument seeks to persuade this court to remand this matter to the bankruptcy court for consideration of Foss' new theory of the case under Rule 59(e). This court has held that "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." Cashner, 98 F.3d at 577. The arguments and factual support proffered by Foss clearly were available when the issues were originally briefed, and Foss' failure to present its strongest case in the initial summary judgment briefing does not entitle it to a

---

[5] The district court noted that, in its "well reasoned order," the bankruptcy court "found Foss had failed to establish grounds for revisiting the summary judgment order under Fed. R. Bank. P. 9023 or Fed. R. Civ. P. 59(e)." Appellant's App. Vol. II at 511. Despite the district court's mislabeling of the motion, the content of its order makes clear its intent to review the order as a denial of a Rule 60(b) motion.

-11-

second chance. See Van Skiver, 952 F.2d at 1243. Because we have determined that Foss' motion was untimely under Rule 59(e), and because Foss has failed to demonstrate any grounds for granting Rule 60(b) relief, this court need not weigh the merits of Foss' motion.[6] See Van Skiver, 952 F.2d at 1243.

The bankruptcy court's denial of Foss' motion for post-judgment relief was correct, and therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[6] The remainder of Foss' arguments on appeal challenges the bankruptcy court's summary judgment decision. Because the court's summary judgment order was not properly before the district court for review and is not properly before this court on appeal, this court will not consider Foss' challenges to the legal correctness of that decision.