**Stanley L. GIBBS, Plaintiff,**

v.

**Dan BOLDEN, Bruce Curtis, Deborah Mackey, James Hill, and Gil Bettinger, Defendants.**

**No. Civ.A. 99–40498.**

United States District Court, E.D. Michigan, Southern Division.

July 5, 2001.

Stanley Gibbs, Ionia, MI, Pro se.

Fred L. Gibson, Clinton Township, MI, Pro se.

Wanda M. Stokes, Michigan Department of Attorney General, Public Employment & Elections Division, Lansing, MI, Shannon N. Wood, Michigan Department of Attorney General, Lansing, MI, for Defendants.

## *ORDER*

GADOLA, District Judge.

Before this Court is Defendants' "Rule 12(b) Motion for Dismissal or Alternatively

Rule 56(b) Motion for Summary [Judgment]" filed on May 11, 2001. This Court finds that oral argument will not significantly aid in the resolution of this motion. *See* E.D.Mich.LR 7.1(e)(2). For reasons set forth below, this Court denies Defendant's motion as moot as to Defendants Dan Bolden, Bruce Curtis, Deborah Mackey, and James Hill and grants Defendant's motion as to Defendant Gil Bettinger.

**Procedural Background**

In a March 22, 2000 Order accepting Magistrate Judge Marc L. Goldman's February 4, 2000 Report and Recommendation, this Court dismissed the claims for relief against Defendant Harold White and Defendant Linda Beckwith because Plaintiff failed to state a claim upon which relief could have been granted.[1]

In addition, this Court denied Defendants' Motion for Summary Judgment [Docket Entry 8] as to Defendants Bolden, Curtis, Mackey, and Hill. This Court explained that, in general, this Court does not entertain or grant a motion for summary judgment filed prior to the close of discovery. "The Court, however, may deny on the merits a motion for summary judgment at any time as to those parties for whom it already is apparent that there is a genuine issue as to a material fact." (Order at 8.) Because Defendants' Motion for Summary Judgment already had been heard by Magistrate Judge Goldman after it was referred to him by now-retired Judge Barbara K. Hackett, this Court accepted the February 4, 2000 Report and Recommendation insofar as it denied summary judgment on the merits as to Defendants Bolden, Curtis, Mackey, and Hill. In accepting the Report and Recommendation, this Court found sufficient issues of material fact as to these Defendants, and

this Court will not now consider a second motion for summary judgment as to these Defendants. *See Apogee Robotics, Inc. v. Foss Realty, Inc.,* No. 97–1106, 1998 WL 85384, at *4 (10th Cir. Feb. 27, 1998) (concluding that the defendant's "failure to present its strongest case in the initial summary judgment briefing does not entitle it to a second chance"); *Koefoot v. American College of Surgeons,* No. 81–C–4333, 1987 WL 5233, *4 (N.D.Ill. Jan. 2, 1987) ("It would be manifestly unfair to the plaintiffs to permit the defendants to have a second chance at summary judgment on the eve of trial.").

Finally, in the March 22, 2000 Order this Court denied without prejudice Defendant's Motion for Summary Judgment as to Defendant Gil Bettinger "because the parties have not had an opportunity to complete discovery." (Order at 9.) This Court stated that, "Defendant Bettinger may refile his motion for summary judgment after the close of discovery." (*Id.*) Therefore, the only Defendant whose motion remains before this Court is Defendant Bettinger's.

**Discussion**

**1. Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of

1. The Court also ordered that Defendants White's and Beckwith's names be removed from the caption in future filings. As the captions on Plaintiff's recent submissions demonstrate, Plaintiff's counsel has not complied with this order.

the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

**2. Analysis**

Defendant Bettinger makes two arguments in favor of dismissing him from this civil action: (1) Plaintiff did not exhaust his available administrative remedies against Defendant Bettinger as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PRLA"), and (2) Plaintiff has not shown that genuine issues of material fact exist regarding his Eighth Amendment claim against Defendant Bettinger.

▮ As to his first argument, Defendant Bettinger argues that exhaustion of available administrative remedies is a precondi-

tion to filing a federal lawsuit under the PLRA. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The PRLA applies to Eighth Amendment claims such as Plaintiff's. *See Hill v. Jones*, No. 98–5100, 2000 WL 571948, at *1 (6th Cir. May 3, 2000). According to Defendant Bettinger, there is no evidence that Plaintiff filed a grievance against him, much less exhausted available remedies as to him individually.

■ Plaintiff's response to Defendant Bettinger's first argument in the "Argument & Analysis" section of his brief is as follows:

> The *Prison Litigation Reform Act*, 42 USC § 1997e(a), as amended, provides:
>> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> There is nothing in the Act that states a grievance must be filed and exhausted regarding an individual's actions or non-action—the Act provides for grieving *'prison conditions'*. Despite that language, Plaintiff has submitted copies of or made reference to a whole litany of grievances, protesting *'prison conditions'* with which he was confronted, a total of 25 such grievances to be exact [**Ex 17, items 1 thru 25**]. This argument asserted by Defendant Bettinger is a red herring and should be treated as such.

(Pl.Br. at 15 (emphasis in original).) In other words, Plaintiff argues that Section 1997 requires that a prisoner grieve only the prison conditions themselves and the prisoner need not identify any particular person who may be responsible for those conditions. Exhibit 17, to which Plaintiff refers in his response, is a collection of 25 hand-written grievances filed by Plaintiff none of which appear to refer to Defendant Bettinger.

According to the United States Court of Appeals for the Sixth Circuit, in order to exhaust administrative remedies under the PLRA, a prisoner must file a grievance against the person he ultimately seeks to sue in order to alert prison officials to possible problems with that person. *See Curry v. Scott*, 249 F.3d 493, 504–05 (6th Cir.2001). The Sixth Circuit rejected the argument that, because prison officials were aware of the underlying facts, the plaintiffs "were not required to identify every person against whom they had a grievance in their written complaints to prison authorities." *Id.* at 505. The Sixth Circuit concluded that,

> The requirement that a prison file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Id.* Thus, Plaintiff's argument here that he need only grieve the prison conditions themselves is unavailing.

In the instant case, Plaintiff has not produced evidence that he identified Defendant Bettinger in any administrative proceedings or exhausted available administrative remedies as to Defendant Bettinger. According to Rule 56 of the Federal Rules of Civil Procedure, if the nonmoving party does not respond to a motion for summary judgment with specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial, then "summary judgment, if appro-

priate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). Plaintiff submitted nothing that would create a genuine issue as to a material fact in response to Defendant Bettinger's first argument. Therefore, this Court grants Defendant Bettinger's motion for summary judgment on the grounds asserted in his first argument. This Court need not reach Defendant Bettinger's second argument.

## Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' "Rule 12(b) Motion for Dismissal or Alternatively Rule 56(b) Motion for Summary [Judgment]" [Docket Entry 65] is **DENIED** as moot as to Defendants Dan Bolden, Bruce Curtis, Deborah Mackey, and James Hill and is **GRANTED** as to Defendant Gil Bettinger. Defendant Bettinger is **DISMISSED** from this civil action, and his name shall be removed from the caption in future filings.

**SO ORDERED.**