**In re Frank BUSHMAN and Heather Bushman, Debtors.**

**No. 01–26116.**

United States Bankruptcy Court, D. Utah, Central Division.

June 10, 2004.

Timothy Miguel Willardson, Sandy, Utah, Robert D. Dahle, Nelson, Snuffer, Dahle & Pousen, PC, Salt Lake City, Utah, for Frank and Heather Bushman.

Douglas E. Griffith, Ryan B. Hancey, Kesler & Rust, Salt Lake City, Utah, for Staker & Parson Companies.

## MEMORANDUM DECISION

JUDITH A. BOULDEN, Bankruptcy Judge.

Frank and Heather Bushman (the "Debtors") filed a Motion for Partial Reconsideration (Reconsideration Motion) seeking permission to reopen a sanctions hearing to present evidence regarding actual and punitive damages. The Reconsideration Motion is opposed by Staker & Parson Companies (Staker/Parson), the party against whom sanctions were sought. After careful consideration of the Debtors' and Staker/Parson's arguments, and after an independent review of applicable case law, the Reconsideration Motion is denied for the reasons set forth below.

### I. FACTS

Following the Debtors' receipt in August of 2001 of a Chapter 7 discharge in a no asset case, Staker/Parson filed suit against the Debtors in state court seeking to collect on a pre-petition guaranty that one of the Debtors executed related to the Debtor's corporation. As a result, the Debtors filed a motion for sanctions (Sanctions Motion) against Staker/Parson on November 12, 2003 for willful violation of the discharge injunction imposed by 11 U.S.C. § 524.[1] The Sanctions Motion was originally noticed for hearing on December 1, 2003, but was later renoticed for and heard

---

1. Future references are to Title 11 of the United States Code unless otherwise noted.

on January 5, 2004 (the "Sanctions Hearing"). On December 30, 2003, the same date the Sanctions Motion was renoticed, the Debtors also filed a Motion to Reopen the closed case.[2] The Sanctions Motion sought a determination that the discharge injunction had been violated, that this Court order Staker/Parson to dismiss its state court complaint against the Debtors with prejudice, that the Debtors be awarded their costs and attorney fees, and that punitive damages be awarded in an amount no less than $24,292.94 plus $5,000 for each week for which the state court complaint was not dismissed.

An evidentiary hearing was held at which the credit manager for Staker/Parson was the only witness. The Debtors were present but did not testify. The Debtors' counsel chose to rely solely on the Debtors' affidavits for testimony, and the affidavits are silent on the amount of damages. The only allegation of harm was a statement in the Debtors' brief that "Debtors have been forced to employ counsel, incur costs and endure the aggravation and heartache of Staker & Parson's collection efforts."[3] No affidavit, proffer, or testimony regarding attorney fees or other damages was submitted. Although certain documentation purports to show Staker/Parson's ability to satisfy a sanction award, no evidence received supported an award of actual damages. After a pointed inquiry by the Court as to whether the Debtors wished to present further evidence, they declined and rested. No request for further hearing, no reservation of the damage issue, and no request for further scheduling was made by the Debtors.

The Court took the matter under advisement and issued a Memorandum Decision and Order Holding Staker/Parson in Contempt and Closing Case (Order) on February 18, 2004. The Order found Staker/Parson in violation of the discharge injunction and discussed the ability to award sanctions for violation of the discharge injunction. The Order concluded that, because no evidence of actual damages had been presented, the Court was precluded from awarding monetary sanctions without proof of the existence of actual damages.

Less than two weeks later, on March 1, 2004, the Debtors filed the Reconsideration Motion. In that pleading, the Debtors stated:

> At the time of the hearing which generated the above-referenced Order, both counsel for the Bushmans considered that the matter would result in first a determination of liability, followed by a proceeding to establish the damages. Such a procedure was viewed as necessary because of the inability to obtain any information related to sanctions from Staker prior to that hearing.[4]

At argument on the Reconsideration Motion, Debtors' counsel asserted that the Debtors were precluded from conducting discovery from Staker/Parson on the damage issue because the Debtors' case was closed.

## II. DISCUSSION

The Debtors filed the instant Reconsideration Motion[5] without referencing a sin-

---

2. The Motion to Reopen was apparently filed in response to the Court's inquiry as to whether the Debtors intended to move to reopen the case.

3. Drs' Mem. Supp. Sanctions at ¶ 24.

4. Drs' Mtn for Reconsideration at 1.

5. Neither the Federal Rules of Civil Procedure nor the Bankruptcy Rules recognize a motion for reconsideration. *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (10th Cir. BAP 2002). Although, when filed

> [m]otions for "reconsideration" of a judgment should be treated as motions to alter

gle rule from either the Federal Rules of Civil Procedure (the "Rules") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[6] Also lacking from the motion is any case law on which this Court can base a ruling.[7] In a reply memorandum filed days before the hearing, the Debtors assert their Reconsideration Motion is brought under Bankruptcy Rules 9023 and 9024 which makes Rules 59 and 60(b), with certain modifications not relevant here, applicable in bankruptcy proceedings. After a request for clarification from the Court, counsel elected to proceed under Rule 60, rather than under Rule 59.[8] The Court will therefore treat the Reconsideration Motion as a Rule 60(b) motion.

The Debtors argue that the failure to present any evidence regarding damages at the Sanctions Hearing was a mistake, inadvertence, or excusable neglect under Rule 60(b)(1). They also argue newly discovered evidence under Rule 60(b)(2), and any other reason justifying relief under 60(b)(6).

 Parties seeking review of an order or judgment under Rule 60(b) necessarily have a higher hurdle to overcome in obtaining relief because such a motion is not meant to be a substitute for an appeal.[9] Instead, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[10] Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'"[11]

A. *Rule 60(b)(1): Mistake, Inadvertence, or Neglect.*

 In light of the policy favoring the finality of a judgment, "[t]he burden is upon the party moving to have the judg-

---

or amend judgment under Rule 59(e) F.R.C.P., made applicable to bankruptcy by Rule 9023 Fed.R.Bankr.P. Under those rules, a party seeking to alter or vacate a judgment has 10 days from entry of the judgment to file a motion for such relief. Such motions will only be granted if there has been a mistake of law or fact or there is newly discovered evidence not previously available.
*In re Chapman,* 269 B.R. 201, 205–06 (Bankr. N.D.Ill.2001). Motions for reconsideration filed more than 10 days after entry of order or judgment can be considered a motion for relief under Bankruptcy Rule 9024 or Rule 60.

6. Drs' Mtn. for Reconsideration at 1–2.

7. *Id.*

8. The Order was issued February 18, 2004 and the Reconsideration Motion was filed on March 1, 2004. The ten day time period for filing a motion under Rule 59 expired on Sunday, February 28, 2004, giving the Debtors until March 1, 2004 to file. The motion could be considered under Rule 59 but coun-

sel specifically stated he wished to proceed under Rule 60. However, even were the Court to consider the Reconsideration Motion under Rule 59, for reasons set forth subsequently, the motion would likewise fail to meet any of the three grounds for reconsideration under that rule: 1) intervening change in controlling law; 2) availability of new evidence; or 3) need to correct clear error. *In re Sunflower Racing, Inc. v. Mid–Continent Racing & Gaming Co.,* 223 B.R. 222, 223 (D.Kan.1998).

9. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.,* 909 F.2d 1437, 1440 (10th Cir.1990).

10. *Id.*

11. *Cessna Finance Corp. v. Bielenberg Masonry,* 715 F.2d 1442, 1444 (10th Cir.1983) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981) (quoting in turn *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970) (emphasis in original))). *Accord Varner v. Unified School District No. 259,* No. 88–1126–SAC, 1993 WL 104915, at *1 (D.Kan. March 5, 1993).

ment set aside to plead and prove excusable neglect"[12] under Rule 60(b)(1). The Debtors have fallen far short of meeting this burden both in the pleading of the matter and in the proof. The mistake, inadvertence, or neglect, they assert, was in counsel deciding that they would approach the evidentiary proceeding in a bifurcated manner rather than conducting discovery and presenting evidence of damages at the evidentiary hearing. This explanation mischaracterizes what occurred. Counsels' litigation strategy was to not present damages evidence at the Sanctions Hearing. There was no mistake or inadvertence involved. They carried out their litigation strategy precisely. The fact that their litigation strategy was one known only to them and not opposing counsel or the Court, and was therefore unsuccessful, is not the basis for relief under Rule 60(b). Counsel for the Debtors chose to bifurcate the issues of liability and damages without informing the Court, Staker/Parson, or anyone but themselves. Therefore, the Court cannot find a mistake, inadvertence, or neglect where counsel deliberately chose to pursue a certain course of action that failed.

■ *Apogee Robotics, Inc.*[13] involved the appeal of a denial of Rule 60(b) relief. In that case, the Tenth Circuit upheld the bankruptcy court's denial of the defendant's motion for post-judgment relief because "[t]he arguments and factual support proffered by [the defendant] clearly were available when the issues were originally briefed, and [the defendant's] failure to present its strongest case in the initial . . . briefing does not entitle it to a second chance."[14] "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[15] The Court cannot be expected to entertain this type of motion to allow a party to simply try again because their initial strategy failed. Were it to do so, parties would be continually asking for another chance to try a different strategy that might work more in their favor.

■ Even if the Debtors had asserted, which they did not, that they did not request bifurcation of the issues due to a mistake, they would not be entitled to relief. "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."[16] Whether it was a calculated mistake or inadvertent error to remain silent on the actual harm to the Debtors at the Sanctions Hearing, the Debtors cannot be granted relief from the Order.

### B. *Rule 60(b)(2): New Evidence.*

■ The Sanctions Hearing was specifically held to litigate the merits of the Debtors' Sanctions Motion, which included

---

**12.** *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990).

**13.** *Apogee Robotics, Inc. v. Foss Realty, Inc. (In re Apogee Robotics, Inc.),* No. 97–1106, 1998 WL 85384 (10th Cir. Feb.27, 1998).

**14.** *Id.* at *4. *See also Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) (*Van Skiver II*) (affirming and quoting the district court opinion "revisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is likewise inappropriate." *Van Skiver v. United States,* 751 F.Supp. 1522, 1523 (D.Kan.1990) (*Van Skiver I* )).

**15.** *Apogee Robotics,* 1998 WL 85384, at *4.

**16.** *Pelican Production Corp.,* 893 F.2d at 1146.

a request for damages. The Debtors failed to present evidence of actual harm at the hearing which prohibited the Court from awarding any damages. To obtain relief from a judgment or order under Rule 60(b)(2), the movant must show

> First, the evidence must have existed at the time of trial, but not have been known to the movant. Second, the evidence could not have been discovered by the exercise of due diligence in time to present it during the original proceeding. Third, the evidence must be such that it would probably have produced a different outcome had it been presented initially.[17]

The new evidence the Debtors are asking the Court to consider consisting of actual damages, existed at the time of the Sanctions Hearing. Had the evidence of actual damages been presented at the hearing, there may have been a different outcome, in light of the fact that the Court ruled that Staker/Parson violated the discharge order. However, because the evidence of actual damages was known to the Debtors at the time of the hearing and was available at the time of the Sanctions Hearing, the Debtors' motion fails under this section of the Rule.

The Debtors continue to fixate on the issue of Staker/Parson's financial status and the Debtors' claimed inability to con-

duct discovery to obtain information for the purpose of establishing evidence for punitive damages. The Debtors' counsel argues that the Debtors were precluded from conducting discovery on the damages issue because the Debtors' case was closed.[18] However, once again counsel misses the point. As was explained in the Order, before the Court can properly reach the issue of punitive damages, evidence of actual damages must be found.[19] The Debtors were present at the Sanctions Hearing but counsel chose not to have them testify as to the actual harm, including attorney fees and costs incurred as a result of Staker/Parson's violation of the discharge injunction.

The actual harm suffered by the Debtors as a result of the violation was clearly known and available at the time of the Sanctions Hearing. The affidavit the Debtors filed in conjunction with the Reconsideration Motion is an affidavit of costs and attorney fees from their attorney.[20] The Court gave the Debtors ample opportunity at the Sanctions Hearing to present evidence of damages and specifically asked counsel if he had any further evidence to present. But a deliberate strategic decision was made by the Debtors' counsel to only prosecute the liability portion of the Sanctions Motion at that time. The Court was aware that counsel was resting without introducing evidence

---

**17.** *In re Franz,* 97 B.R. 603, 603 (D.Kan. 1989).

**18.** This argument is inconsistent and lacks merit. On the one hand, the Debtors argue their research indicated there was no need to reopen the closed case to pursue their Sanctions Motion. If this were true, then it follows that discovery related to their Sanctions Motion could be conducted. If, on the other hand, the Debtors were required to reopen their case prior to a resolution of their Sanctions Motion, nothing precluded the Debtors from obtaining a ruling on their Motion to Reopen prior to the hearing on their Sanc-

tions Motion, and conducting discovery in the interim.

**19.** Order at 20.

**20.** Arguably 5.5 of the 23.5 hours were not incurred until the date of the hearing and subsequent thereto; however, this is not a novel issue that can be considered "new evidence." Attorneys frequently request to submit a final fee application following a hearing, but the key is the attorney must request this opportunity from the court, which counsel failed to do.

of actual damages but any further request from the bench for clarification of damages would have been an improper intervention on behalf of one party.

### C. *Rule 60(b)(6): Other Reasons Justifying Relief.*

 The Court cannot find, and counsel did not specifically set forth, any reason to justify relief under Rule 60(b)(6). Subsection 6 is the residual provision of Rule 60(b) which authorizes the court to relieve a party from judgment for any reason other than those specified in (b)(1) through (b)(5).[21] It has been described as a " 'grand reservoir of equitable power to do justice in a particular case.' "[22]

> In general, relief is given under clause (6) in cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule.[23]

The rule is designed for extraordinary circumstances which justify relief. Here, the Court ruled in the Debtors' favor and the Debtors have not convinced this Court of any extraordinary circumstances equivalent to improper conduct or an excusable default justifying relief. The Debtors' counsel chose to pursue a course of action and followed through with those plans without interference from any party.

In a different context, the Tenth Circuit has determined that an intentional, planned out litigation strategy does not amount to "good cause" for an extension of time for service under Rule 4(m). "[A] strategic or economic decision ... [by plaintiffs] to wait until the last minute to serve defendant" does not amount to "good cause" for failure to timely serve a defendant under Rule 4(j).[24] Similarly, this Court is unwilling to stretch the "exceptional circumstances" of Rule 60(b)(6) to include an opportunity for parties to rethink their litigation strategy and receive a "do-over."

## III. CONCLUSION

Based on the foregoing, the Court finds that the Debtors' failure to present evidence regarding damages at the Sanctions Hearing was not due to mistake or inadvertence or any other reason allowed under Rule 60(b) but was part of counsels' calculated litigation strategy. Therefore, the Debtors' Reconsideration Motion is hereby DENIED and a separate Order shall issue accordingly.

**21.** *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir.2000).

**22.** *Van Skiver II*, 952 F.2d at 1244 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976)).

**23.** *Dowell v. Board of Educ. of Oklahoma City Pub. Schools*, 782 F.Supp. 574, 579 (W.D.Okla.1992) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2864 at 213 (1973)). *Accord Varner*, 1993 WL 104915, at *2.

**24.** *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 176 (10th Cir.1996).