In re Kevin Saul **MEYER** and
**Elizabeth Pauline Meyer,**
**Debtors.**

No.  13–06–11376 SA.

United States Bankruptcy Court,
D. New Mexico.

Dec. 15, 2006.

Ronald E. Holmes, Albuquerque, NM, for Debtors.

Kelley Skehen, Albuquerque, NM, for Kelley L. Skehen, Trustee.

Alice Nystel Page, Albuquerque, NM, Melissa R. Perry, Executive Office for Ust, Washington, DC, United States, Trustee.

## ORDER DENYING MOTION FOR RE-CONSIDERATION OF ORDER DE-NYING CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

JAMES S. STARZYNSKI, Bankruptcy Judge.

■ This matter is before the Court on Debtors' Motion for Reconsideration of Order Denying Confirmation of Debtors' Chapter 13 Plan (doc 36), and the Chapter 13 Trustee's Objection thereto (doc 38). For the reasons set forth below, the Court finds that the Motion for Reconsideration should be denied. This is a core proceeding. 28 U.S.C. § 157(b)(2)(L).

> Neither the Federal Rules of Civil Procedure nor the Bankruptcy Rules recognize a motion for reconsideration. *Dimeff v. Good (In re Good)*, 281 B.R. 689, 699 (10th Cir. BAP 2002). Although, when filed [m]otions for "reconsideration" of a judgment should be treated as motions to alter or amend judgment under Rule 59(e) F.R.C.P., made applicable to bankruptcy by Rule 9023 Fed. R.Bankr.P. Under those rules, a party seeking to alter or vacate a judgment has 10 days from entry of the judgment to file a motion for such relief. Such motions will only be granted if there has been a mistake of law or fact or there is newly discovered evidence not previously available.

*In re Bushman*, 311 B.R. 91, 95 n. 5 (Bankr.D.Utah 2004). Relief may also be available under Rule 59(e) if there has been an intervening change in the controlling law. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); 11 Wright, Miller and Kane, Fed. Prac. & Proc. Civ.2d § 2810.1.

■ On December 4, 2006, the Court entered its Memorandum Opinion and Order Not Confirming Debtors' Chapter 13 Plan (doc 34). Debtors timely filed their

motion for reconsideration on December 12, 2006. In the Memorandum Opinion the Court ruled that Debtors' Plan was not confirmable because these above-median income Debtors had deducted charitable contributions on their Form B22C to arrive at their plan payment. The Court found that Section 1325, as written, clearly did not permit such deductions. And, when a statute's language is plain, the sole function of the courts is to enforce it according to its terms.

The grounds set forth by Debtors in their Motion for Reconsideration are that, after entry of the Memorandum Opinion, Congress passed[1] Senate Bill 10658 (sic; S. 4044), known as the Religious Liberty and Charitable Donation Clarification Act of 2006[2] ("Act"). Debtors also quote some legislative history that accompanied the Act that indicates that Congress intended to preserve the charitable contribution deduction for above-median debtors.

The Reconsideration Motion does not allege an error of law or fact, or the existence of newly discovered evidence not previously available. Therefore, it may be granted only if there has been an intervening change in the law.

"Absent manifest injustice or intent to the contrary, the court generally applies the law as it exists when a decision is made." *Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399 n. 2 (10th Cir.1986). In this case, the Court applied the law as it existed at the time of the decision. If Congress wishes to pass or amend a civil law and make it retroactive, it can do that. *See, e.g., Alvarez–Portillo v. Ashcroft*, 280 F.3d 858, 863 (8th Cir.2002). However, there is a judicial presumption against retroactivity that can only be overcome by a clear expression of congressional intent. *Id.* The Act contains no language that would make it retroactive. Therefore, there is no ground for reconsideration. If the Act were signed into law and amended to be retroactive, a Motion for Reconsideration might be well taken.

Finally, the Court finds that the Act is an acknowledgment that BAPCPA as originally enacted prevented above-median income debtors from deducting charitable contributions in arriving at their plan payment. Applying the statute as it existed when Debtors filed their petition rather than the way that Congress apparently had intended the statute to read may be harsh. But, "[o]ur unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding." *Lamie v. United States Trustee*, 540 U.S. 526, 538, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). This Court should not rewrite the statute as Congress may have intended; rather, it must enforce the law as written. IT IS ORDERED that Debtors' Motion for Reconsideration of Order Denying Confirmation of Debtors' Chapter 13 Plan is denied.

---

1. The Act has not yet been signed into law by the President.

2. The entire act provides:
   SECTION 1. SHORT TITLE.
   This Act may be cited as the "Religious Liberty and Charitable Donation Clarification Act of 2006".

SEC. 2. TREATMENT OF CERTAIN CONTRIBUTIONS IN BANKRUPTCY.
   Section 1325(b)(3) of title 11, United States Code, is amended by inserting ", other than subparagraph (A)(ii) of paragraph (2)," after "paragraph (2)".