**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIECZYSLAW BRONAKOWSKI,

      Plaintiff-Appellant,

v.

BOULDER VALLEY SCHOOL
DISTRICT,

      Defendant-Appellee.

No. 08-1096
(D.C. No. 1:05-CV-02358-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Mieczyslaw Bronakowski appeals the district court's grant of summary

judgment in favor of his former employer, the Boulder Valley School District,

(BVSD), in this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e through § 2000e-17. We liberally construe his pro se appellate filings.

*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). But because

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Bronakowski has not proffered evidence tending to show that BVSD's legitimate, nondiscriminatory reasons for terminating his employment were a pretext for discrimination or that he administratively exhausted his claim of a hostile work environment, we affirm.

BVSD employed Mr. Bronakowski, who is Polish, as a bus driver from September 2001 until February 2004, when BVSD terminated his employment due to "[d]iscourteous, offensive, or abusive conduct or language toward other employees, students, or the public"; "failure to follow or carry out instructions"; "failure to perform a job assignment" satisfactorily; "[i]nsubordination, including [failure] to properly perform assigned work"; and conduct which could "adversely affect the health, safety, or welfare of students or personnel." R., Vol. I, Doc. 55, Ex. A-28. Mr. Bronakowski filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that his termination was based on national-origin discrimination. After the EEOC issued a right-to-sue letter, he filed a pro se complaint in district court alleging national-origin discrimination.

BVSD moved for summary judgment, asserting that it had legitimate, nondiscriminatory reasons for terminating Mr. Bronakowski's employment, namely "his numerous traffic violations, numerous complaints received about his driving and behavior, and [his] refusal to comply with his Action Plan for Growth." *Id.*, Doc. 55 at 11. Then represented by pro bono counsel, Mr. Bronakowski responded to the summary-judgment motion, asserting a

primary claim of a hostile work environment and a secondary claim of discriminatory discharge, both based on national origin.

After thoroughly and accurately discussing the evidence in the case, the magistrate judge recommended that BVSD's motion for summary judgment be granted. The magistrate judge found that Mr. Bronakowski had failed to raise the hostile-work-environment claim before the EEOC.[1] As to the claim of discriminatory discharge, the magistrate judge found that BVSD had articulated numerous legitimate, nondiscriminatory reasons for terminating Mr. Bronakowski's employment, but that he had failed to raise an issue of fact that these reasons were a pretext for discrimination. After considering Mr. Bronakowski's objections to the magistrate judge's report and recommendation, the district court adopted it and granted summary judgment for BVSD.

> We review the district court's grant of summary judgment *de novo*. Summary judgment should only be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Although the burden is on the moving party, the non-movant may not rest on [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof.

---

[1]     The magistrate judge also recommended other grounds for denying Mr. Bronakowski's claim. But because Mr. Bronakowski failed to exhaust administrative remedies, we base our decision on that ground.

*Pignanelli v. Pueblo Sch. Dist. No. 60*, No. 07-1251, 2008 WL 4149656, at *2 (10th Cir. Sept. 10, 2008) (internal quotation marks and citations omitted).

Applying these standards, we conclude that the district court correctly granted summary judgment in favor of BVSD. After careful review of the record and the parties' briefs, we essentially agree with the magistrate judge's analysis of pretext and exhaustion before the EEOC in his report and recommendation of September 10, 2007.[2]

Accordingly, we AFFIRM the district court's judgment. We GRANT Mr. Bronakowski's motion for leave to proceed on appeal in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[2] We do not consider the documents attached to Mr. Bronakowski's appellate briefs that were not presented to the district court. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000). Also, we do not consider his assertions concerning the bill of costs, as his objections to the costs are pending in the district court.