**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MIECZYSLAW BRONAKOWSKI,

      Plaintiff-Appellant,

v.

BOULDER VALLEY SCHOOL
DISTRICT,

      Defendant-Appellee.

No. 10-1455
(D.C. No. 05-CV-02358-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Pro se plaintiff Mieczyslaw Bronakowski appeals from the district court's denial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his motion for relief from judgement. We affirm the ruling of the district court and deny Bronakowski's motion for leave to proceed *in forma pauperis*.

I

In 2006, the Boulder Valley School District ("BVSD") terminated Bronakowski's employment as a bus driver after he was involved in multiple driving-related incidents while transporting BVSD students. In early 2007, Bronakowski, who is Polish, filed suit against BVSD alleging that it violated Title VII by creating a hostile work environment and by wrongfully terminating his employment, both because of his national origin.

In September 2007, the magistrate judge recommended granting BVSD's motion for summary judgment on Bronakowski's claims. The magistrate judge concluded (1) that "Bronakowski's allegations and evidence [were] not sufficient to support a finding of pervasive hostility in his work environment based on upon his national origin;" and (2) that "the record [was] replete with legitimate, non-discriminatory justifications for the School District's decision to terminate [his] employment." Aple. Ans. Br. at 11, 14. The district court adopted this recommendation, granted BVSD's motion for summary judgment, and dismissed Bronakowski's complaint. Bronakowski appealed to this court and we affirmed, noting that "we essentially agree[d] with the magistrate judge's analysis . . . and recommendation." Bronakowski v. Boulder Valley Sch. Dist., 294 Fed. App. 408, 409 (10th Cir. 2008), cert. denied, 129 S. Ct. 1364 (2009).

In September 2009, Bronakowski filed a Rule 60(b) motion for relief from judgment in which he asked the district court to set aside its order of dismissal and to

2

permit a jury to decide the merits of his claims. The district court denied Bronakowski's motion, and he timely appealed to this court.

## II

Bronakowski seeks relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which permits courts to relieve parties from final judgement for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 999 F.2d 1437, 1440 (10th Cir. 1990).

We note that in Bronakowski's Rule 60(b) motion, he did not indicate the basis upon which the district court should grant relief from judgment. On appeal, however, he argues that he is entitled to relief under Rule 60(b)(6)[1], which states that a court may set aside an order of final judgment "for any other reason that justifies relief." Relief from judgment under Rule 60(b)(6) is appropriate only in "extraordinary circumstances . . . when such action is appropriate to accomplish justice." Colo. Interstate Gas Co. v. Natural Gas Pipeline Co., 962 F.2d 1528, 1533 (10th Cir. 1992) (quotation and citation omitted). In other words, "Rule 60(b)(6) cannot be properly used to alter the substantive

---

[1] This is the only ground for relief that could possibly apply to this case. None of the other avenues for relief contemplated in Rule 60(b) are relevant here.

3

content of a judgment once it has been affirmed on appeal except in extraordinary circumstances." Id. at 1534.

We conclude that the district court did not abuse its discretion by denying Bronakowski's motion for relief from judgment under Rule 60(b)(6). In his opening brief on appeal, Bronakowski makes the same arguments as those he presented in his opposition to BVSD's motion for summary judgment—that BVSD created a hostile work environment and wrongfully terminated his employment because of his national origin. The district court heard these arguments prior to granting BVSD's motion for summary judgment, and we considered these arguments prior to affirming the district court. Because Bronakowski is only repeating the same arguments he has previously made, he has failed to establish any exceptional circumstance warranting relief from final judgment. Accordingly, we affirm the district court's denial of Bronakowski's 60(b) motion.

III

We also consider Bronakowski's motion for leave to proceed *in forma pauperis*. Bronakowski first filed this motion with the district court, but the court denied his request, finding that his appeal was "not taken in good faith because he ha[d] not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." ROA at 83.

We agree with the district court. In his appeal, Bronakowski has done nothing more than reiterate his view that BVSD violated Title VII and was therefore not entitled

4

to summary judgment. An appeal from the denial of a Rule 60(b) motion is not taken in good faith when it relies on nothing more than arguments that were previously considered by both the district court and the appellate court. Because Bronakowski has not filed his appeal in good faith, he is not entitled to proceed *in forma pauperis*.

IV

The judgment of the district court is hereby AFFIRMED and Bronakowski's motion for leave to proceed *in forma pauperis* is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge